## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTCIRT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| DORENDA HALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Civil Action |
| JAMES HOGUE; XPO LOGISTICS | ) | File No.:22-c-02660-S4 |
| FREIGHT, INC.; AND SAFECO | ) | |
| INSURANCE COMPANY OF | ) | |
| AMERICA, | ) | |
| | | |
| Defendants. | | |

## NOTICE OF REMOVAL

COME NOW, Defendants James Hogue, XPO Logistics, Freight, Inc., and

Safeco Insurance Company of America ("Defendants") and pursuant to 28 U.S.C.

§§ 1332, 1441, and 1446, file their Notice of Removal, showing the Court as follows:

1.

On May 12, 2022, Plaintiff Dorenda Hall ("Plaintiff") filed suit against

Defendants in the State Court of Gwinnett County, Civil Action File Number 22-C-

02660-S4 ("State Action"), which county is embraced within the Atlanta Division

of this Court. See 28 U.S.C. § 90(a)(2).

2.

Defendant James Hogue ("Hogue") was served with process on June 14, 2022,

XPO Logistics Freight, Inc. ("XPO") was served with process on May 27, 2022, and

8245556v.1

Safeco Insurance Company of America ("Safeco") was served with process on May 25, 2022.

3.

Defendants attach hereto as Exhibit "A", are copies of the State Action summons and complaint, and all discovery served therewith.

4.

Plaintiff is a resident of the State of Georgia.  Complaint, at ¶ 2.

5.

At the time Plaintiff filed the State Action, XPO was, and remains, a corporation formed and incorporated under the laws of the State of Delaware, with its principle place of business located at 2211 Old Earhart Road, Ann Arbor, Michigan 94105.

6.

At the time Plaintiff filed the State Action, Safeco was, and remains, a corporation formed and incorporated under the laws of the State of New Hampshire, with its principal place of business located at 175 Berkley Street, Boston, Massachusetts 02116.

7.

At the time Plaintiff filed the State Action, Hogue was, and remains, a resident of the State of North Carolina, his residential address being 1306 Washington Lane, Kannapolis, NC 28083.

8.

Defendants have given written notice of the filing of this Notice of Removal to Plaintiff by notifying her counsel of record, Rob Loar, WLG Atlanta, LLC, Bank of America Plaza, 600 Peachtree Street, NE, Suite 4010, Atlanta, GA  30308. Defendants also filed a written notice with the Clerk of the State Court of Gwinnett County, a copy of which is attached hereto as Exhibit "B".

9.

Defendants filed Answers to Plaintiff's Complaint in the State Court of Gwinnett County prior to removal, with a demand for a jury trial.  Copies of said pleadings are attached hereto as Exhibits "C," "D," "E," and "F".  Defendants also served responses to plaintiff's requests for admission, attached hereto as Exhibits "G", "H", & "I".

10.

Defendants show that the amount in controversy requirement of 28. U.S.C. § 1332(a) is met in this case.  Plaintiff's claims are for personal injuries arising out of a motor vehicle collision Ex. A, Complaint ¶¶ 35-49.  Plaintiff's pre-suit demand

8245556v.1

was in the amount of $250,000, with medical special damages of $56,141.22, a copy

of which is attached hereto as Exhibit "J." *See* <u>Allen v. Toyota Motor Sales</u>, U.S.A.,

Inc. 155 Fed. Appx. 480, 482 (11th Cir. 2005) (finding that a demand seeking

specified damages of even just $66,678.65 among other unspecified damages was

sufficient evidence that the jurisdictional requirement was satisfied).

11.

Specifically, Plaintiff alleges, "As a direct and proximate cause of the

negligence of Defendant XPO Logistics Freight, Inc., and its driver, James Hogue,

Plaintiff was physically injured and has suffered, and will continue to suffer pain,

disability, loss of enjoyment of life, anxiety, and related damages.  Plaintiff further

alleges, "As a direct and proximate result of the breaches of duty by Defenant XPO

Logistics Freight, Inc. and it driver, James Hogue, Plaintiff is entitled to recover fair

and full compensation for all injuries and damages that have been suffered as a

proximate result of the collision and that will be suffered in the future as a result of

the collision, including, without limitation, all special damages and compensatory

damages, medical expenses, property damage loss of use, lost wages and loss or

earning capacity, and other necessary expenses, as well as fair and full compensation

of all pain and suffering, including physical pain, disfigurement, mental and

emotional suffering, shock of impact, disability, worry, anxiety, loss of enjoyment

of life, loss of capacity to work, and other categories of damages provided for under the law."   Ex. A at ¶¶ 69-70.

12.

Plaintiff also seeks punitive damages against XPO and Hogue.  In particular, Plaintiff alleges, "Defendant XPO Logistics Freight, Inc., and its driver, James Hogue, acts [sic] were knowing, willful, wanton, and/or demonstrated that entire want of care, which raises the presumption of conscious indifference to consequences." Furthermore, Plaintiff alleges, "The actions of Defendant XPO Logistics Freight, Inc. and its driver, James Hogue, as set forth herein, were done intentionally, knowingly, and willfully with a reckless and wanton disregard to the consequences and damages that would be cause to others and/or which would raise the presumption of conscious indifference to consequences of their misconduct. Finally, Plaintiff asserts, "Accordingly, Defendant XPO Logistics Freight, Inc. and its driver James Hogue, are liable to the Plaintiff for punitive damages to punish, penalize, and deter others from similar conduct in the future."  Ex. A at ¶¶ 80-82.

13.

To the best of the undersigned's knowledge, information, and belief, and after reasonable inquiry, this Notice of Removal is well-grounded in fact and is warranted by existing law, and has not been interposed for any improper purpose, such as to harass, cause unnecessary delay, or a needless increase in the cost of litigation.

8245556v.1

WHEREFORE Defendants pray the case be removed to the United States District Court for the Northern District of Georgia, Atlanta Division.

Respectfully submitted this 29th day of June, 2022.

COPELAND, STAIR, VALZ
& LOVELL, LLP

By:  /s/ Stephen J. Cohen
STEPHEN J. COHEN
State Bar No.:  556599
N. CAITLIN ELDRED
State Bar No.:  853788
*Counsel for Defendants*
191 Peachtree Street, NE, Suite 3600
Atlanta, GA 30303-1740
Phone: (404) 522-8220
Fax: (404) 523-2345
sjcohen@csvl.law
celdred@csvl.law

8245556v.1

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing pleading upon all parties to this matter via the Court's electronic filing system, which will automatically e-mail a copy to counsel of record addressed as follows:

Rob Loar
WLG ATLANTA, LLC
Bank of America Plaza
600 Peachtree Street, NE, Suite 4010
Atlanta, GA  30308
Rob.loar@witheritelaw.com
*Counsel for Plaintiff*

This 29th day of June, 2022.

COPELAND, STAIR, VALZ &
LOVELL, LLP

/s/ *Stephen J. Cohen*
STEPHEN J. COHEN
State Bar No.:  556599
*Counsel for Defendants*

191 Peachtree Tower, Suite 3600
191 Peachtree Street NE
P.O. Box 56887 (30343-0887)
Atlanta, Georgia 30303-1740
Phone: 404-522-8220
Fax: 404-523-2345
sjcohen@csvl.law

8245556v.1