E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
22-C-02660-S4
5/12/2022 12:18 PM
TIANA P. GARNER, CLERK

**Exhibit A**

# IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

_____

**DORENDA HALL**

_____

22-C-02660-S4

CIVIL ACTION

NUMBER:_____

_____

PLAINTIFF

VS.

**JAMES HOGUE;**

_____

**XPO LOGISTICS FREIGHT, INC.;**

_____

**AND SAFECO INSURANCE COMPANY OF AMERICA;**

_____

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

   **You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:**

ROB LOAR
WLG ATLANTA, LLC
GEORGIA STATE BAR NUMBER 602484
BANK OF AMERICA PLAZA
600 PEACHTREE STREET, NE, SUITE 4010
ATLANTA, GA 30308
TELEPHONE: 470-881-8804
FACSIMILE: 470-575-2792

**an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.**

**This _____ day of _____, 20_____.**

12th day of May, 2022

**Tiana P. Garner**
**Clerk of State Court**

By_____
**Deputy Clerk**

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

**SC-1 Rev. 2011**

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-02660-S4**
**5/12/2022 12:18 PM**
TIANA P. GARNER, CLERK

# IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

_____

**DORENDA HALL**
_____

_____

**PLAINTIFF**

VS.

**JAMES HOGUE;**
_____

**XPO LOGISTICS FREIGHT, INC.;**
_____

**AND SAFECO INSURANCE COMPANY OF AMERICA;**
_____

**DEFENDANT**

CIVIL ACTION    22-C-02660-S4

NUMBER:_____

# SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

ROB LOAR
WLG ATLANTA, LLC
GEORGIA STATE BAR NUMBER 602484
BANK OF AMERICA PLAZA
600 PEACHTREE STREET, NE, SUITE 4010
ATLANTA, GA 30308
TELEPHONE: 470-881-8804
FACSIMILE: 470-575-2792

**an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.**

This _____ day of _____, 20_____.

12th day of May, 2022

Tiana P. Garner
**Clerk of State Court**

By_____
**Deputy Clerk**

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

**SC-1 Rev. 2011**

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
22-C-02660-S4
5/12/2022 12:18 PM
TIANA P. GARNER, CLERK

# IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

_____

**DORENDA HALL**
_____

_____                          22-C-02660-S4

            **PLAINTIFF**                          CIVIL ACTION
                                                           NUMBER:_____

       **VS.**

**JAMES HOGUE;**
_____

**XPO LOGISTICS FREIGHT, INC.;**
_____

**AND SAFECO INSURANCE COMPANY OF AMERICA;**
_____

          **DEFENDANT**

# SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

   **You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:**

ROB LOAR
WLG ATLANTA, LLC
GEORGIA STATE BAR NUMBER 602484
BANK OF AMERICA PLAZA
600 PEACHTREE STREET, NE, SUITE 4010
ATLANTA, GA 30308
TELEPHONE: 470-881-8804
FACSIMILE: 470-575-2792

**an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.**

**This** _____ **day of** _____, **20_____.**

12th day of May, 2022

                       **Tiana P. Garner**
                       **Clerk of State Court**

                       **By**_____
                                **Deputy Clerk**

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

**SC-1 Rev. 2011**

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
22-C-02660-S4
5/12/2022 12:18 PM
TIANA P. GARNER, CLERK

# IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| DORENDA HALL; | § | CIVIL ACTION |
| | § | |
| Plaintiff, | § | 22-C-02660-S4 |
| | § | |
| VS. | § | FILE NO. _____ |
| | § | |
| JAMES HOGUE; XPO LOGISTICS | § | **JURY TRIAL DEMANDED** |
| FREIGHT, INC.; AND SAFECO | § | |
| INSURANCE COMPANY OF AMERICA; | § | |
| | § | |
| Defendants. | § | |

## COMPLAINT FOR DAMAGES

COMES NOW PLAINTIFF DORENDA HALL ("Plaintiff"), by and through her counsel of record and files this her Complaint for Damages showing this Honorable Court as follows:

1.    This is an action for personal injury damages arising out of a motor vehicle collision that occurred on or about October 13, 2020, in Gwinnett County, Georgia.

### PARTIES, JURISDICTION, AND VENUE

2.    Plaintiff is a resident of Gwinnett County, Georgia.

3.    Plaintiff sustained personal injuries as a result of a motor vehicle collision that occurred at approximately 4:47 p.m. on October 13, 2020, on Interstate 85 NB near Indian Trail Road in Gwinnett County, Georgia.

4.    Defendant James Hogue resides at 1306 Washington Lane, Kannapolis, Rowan County, North Carolina 28083 and may be served with a copy of the summons and complaint at this address.

5.      Once served with process, James Hogue is subject to the jurisdiction and venue of this Honorable Court pursuant to the terms of the Georgia Non-Resident Motorist Act O.C.G.A. § 40-12-1.

6.      James Hogue was properly served with process in this civil action.

7.      James Hogue was sufficiently served with process in this civil action.

8.      James Hogue is subject to the jurisdiction of this Court.

9.      Defendant XPO Logistics Freight, Inc. is a foreign corporation doing business in Michigan and is authorized to conduct business in Georgia.

10.     XPO Logistics Freight, Inc. may be served through its registered agent, Registered Agent Solutions, Inc., at 2285 S. Michigan Road, Eaton Rapids, Michigan 48827.

11.     Once served with process, XPO Logistics Freight, Inc. is subject to the jurisdiction of this Court, pursuant to O.C.G.A. § 40-1-117(b), because this action may be brought in the county where the cause of action or some part thereof arose.

12.     XPO Logistics Freight, Inc. was properly served with process in this civil action.

13.     XPO Logistics Freight, Inc. was sufficiently served with process in this civil action.

14.     XPO Logistics Freight, Inc. is subject to the jurisdiction of this Court.

15.     At all times material hereto, Defendant XPO Logistics Freight, Inc. was not permitted to operate a tractor-trailer over the public roadways unless it as a motor carrier had obtained and had in effect the minimum levels of financial responsibility as set forth in 49 CFR § 387.9. as adopted by the State of Georgia.

COMPLAINT FOR DAMAGES – Page 2

16.    At all times material hereto, Defendant XPO Logistics Freight, Inc. was required by 49 CFR § 387.9 to have in effect and did have in effect a policy of motor vehicle liability insurance.

17.    At all times material hereto, Defendant XPO Logistics Freight, Inc. was required by 49 CFR § 387.9 to have in effect and did have in effect a policy of motor vehicle liability insurance with liability limits of five million dollars.

18.    At all times material hereto, Defendant XPO Logistics Freight, Inc. had in effect a policy of motor vehicle insurance with liability limits of five million dollars that was issued by Defendant Safeco Insurance Company of America.

19.    At the time of the collision described in this Complaint, Defendant XPO Logistics Freight, Inc. had automobile liability coverage for compensatory damages that were caused through the negligent operation of the tractor-trailer that Defendant XPO Logistics Freight, Inc. was operating at the time of the subject collision.

20.    The liability coverage for the collision described in this Complaint is being provided to Defendant XPO Logistics Freight, Inc. through a primary policy of insurance issued by Safeco Insurance Company of America, which provides coverage to Defendant XPO Logistics Freight, Inc. for compensatory damages, including bodily injury, that were caused through the negligent operation of the tractor-trailer that Defendant XPO Logistics Freight, Inc. was operating at the time of the subject collision.

21.    The liability coverage for the collision described in this Complaint is being provided to Defendant XPO Logistics Freight, Inc. through a primary policy of insurance issued by Safeco Insurance Company of America and further identified as Policy Number 6524239, which provides coverage to Defendant XPO Logistics Freight, Inc. for

compensatory damages, including bodily injury, that were caused through the negligent operation of the tractor-trailer that Defendant XPO Logistics Freight, Inc. was operating at the time of the subject collision.

22.    Defendant Safeco Insurance Company of America is a foreign corporation with its principal place of business in a state other than Georgia and is authorized to transact business in the state of Georgia.

23.    Defendant Safeco Insurance Company of America is subject to the jurisdiction of this Court and Plaintiff's claims for compensation for the negligence of its Co-defendant insured, pursuant to O.C.G.A. §§ 40-1-112 and/or 40–2–140 and Georgia law, because Safeco Insurance Company of America was the insurer providing primary liability coverage for the Defendant motor carrier XPO Logistics Freight, Inc. at the time of the collision described in this Complaint.

24.    Safeco Insurance Company of America may be served with summons and complaint through its registered agent for service of process: Corporation Service Company, at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

25.    Defendant Safeco Insurance Company of America does business and maintains agents in Gwinnett County, Georgia.

26.    Defendant Safeco Insurance Company of America does business in Gwinnett County through multiple agents.

27.    Defendant Safeco Insurance Company of America is subject to the jurisdiction and venue of this Court pursuant to O.C.G.A. § 9-10-91, known as Georgia's Long Arm Statute.

28.     Defendant Safeco Insurance Company of America may also be served pursuant to O.C.G.A §§ 14-2-1510 and/or 33-4-3.

29.     Once served with process, Safeco Insurance Company of America is subject to the jurisdiction of this Court.

30.     Safeco Insurance Company of America was properly served with process in this civil action.

31.     Safeco Insurance Company of America was sufficiently served with process in this civil action.

32.     Venue in the above-styled civil action is proper as to Safeco Insurance Company of America in this County and Court.

33.     Venue in the above-styled civil action is proper in this County and Court.

<u>FACTS</u>

34.     Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

35.     On October 13, 2020, at approximately 4:47 p.m., Plaintiff Dorenda Hall was operating her vehicle traveling northbound on Interstate 85, in lane 3.

36.     On October 29, 2020, at approximately 4:47 p.m., Defendant James Hogue was operating his tractor-trailer, owned by Defendant XPO Logistics Freight, Inc., traveling northbound in lane 4.

37.     On October 29, 2020, at approximately 4:47 p.m., Defendant James Hogue made an unsafe lane change into Plaintiff's lane and collided hard with the front passenger side of Plaintiff's vehicle.

From: Erica Lisenbe          Fax: 19723543452          To:          Fax: (859) 264-4060          Page: 7 of 14          05/17/2022 11:50 AM

38.    As a result of the collision, Plaintiff was injured and continues to suffer injuries and damages from this incident.

39.    At all times related to the subject collision, Plaintiff was acting in a reasonable and prudent manner.

40.    Defendant James Hogue was an employee and/or agent of Defendant XPO Logistics Freight, Inc.

41.    Defendants do not blame Plaintiff for causing or contributing to the cause of the subject collision.

42.    Defendants are 100% at fault for causing the subject collision.

43.    No act or failure to act on the part of the Plaintiff caused or contributed to the cause of the subject collision.

44.    No act or failure to act on the part of any third party caused or contributed to the cause of the subject collision.

45.    No act or failure to act on the part of Plaintiff caused or contributed to the cause of Plaintiff's claimed injuries and/or damages.

46.    No act or failure to act on the part of any third party caused or contributed to the cause of Plaintiff's claimed injuries and/or damages.

47.    Plaintiff was an innocent victim of the collision described in this Complaint.

48.    Defendants agree that they should fairly compensate Plaintiff for all injuries and damages that were caused by the subject collision.

49.    As a result of the collision, Plaintiff suffered serious and permanent injuries and damages.

## COUNT I: NEGLIGENCE OF DEFENDANT JAMES HOGUE

From: Erica Lisenbe        Fax: 19723543452        To:        Fax: (859) 264-4060        Page: 8 of 14        05/17/2022 11:50 AM

50.    Plaintiff re-alleges and incorporate the preceding paragraphs as if fully set forth herein.

51.    At all relevant times, James Hogue owed the following civil duties to Plaintiff but violated those duties in the following ways:

a.   Failing to keep such proper lookout and attention to the roadway as a person of ordinary prudence would have kept under the same or similar circumstances;

b.   Changing lanes when unsafe to do so;

c.   Failing to drive in a single lane;

d.   Failing to keep an assured safe distance from Plaintiff's vehicle;

e.   Failing to maintain proper control of his tractor-trailer;

f.   Failing to keep a proper lookout for traffic;

g.   Failing to make reasonable and proper observations while driving;

h.   Failing to timely apply the brakes of his tractor-trailer in order to avoid the collision in question;

i.   Failing to safely operate his tractor-trailer;

j.   Failing to obey traffic laws; and

k.   Otherwise failing to act reasonably and prudently as a driver should under the circumstances.

52.    Defendant was also negligent *per se* in that he violated a number of laws and regulations governing her operation of her commercial motor vehicle, including:

a.   Failing to Drive with Due Care (O.C.G.A. § 40-6-241);

b.   Making an improper lane change (O.C.G.A. § 40-6-123(b);

c.   Failing to Obey Traffic Laws (O.C.G.A. § 40-6-1); and

d.   Reckless Driving (O.C.G.A. § 40-6-390).

5/17/2022 12:00:00 AM        302063386690004        5220220517014115

53.    As a result of James Hogue's negligence, Plaintiff suffered severe and permanent injuries and damages.

54.    As a direct and proximate result of the negligence and negligence *per se* of James Hogue, Plaintiff has incurred and is entitled to recover special damages, including, but not limited to, the following:

   a.  Past and future medical expenses;

   b.  Lost wages and loss of earning capacity;

   c.  Property damage and loss of use; and

   d.  Other miscellaneous expenses.

55.    Plaintiff is also entitled to recover for her general damages, including:

   a.  Past and future pain and suffering;

   b.  Disfigurement;

   c.  Mental anguish in the past and future;

   d.  Physical impairment in the past and future and related damages.

### COUNT II:  NEGLIGENCE OF DEFENDANT XPO LOGISTICS FREIGHT, INC.

56.    Plaintiff re-alleges and incorporate the preceding paragraphs as if fully set forth herein.

57.    At all times material hereto, James Hogue was an employee of Defendant XPO Logistics Freight, Inc.

58.    At all times material hereto, James Hogue was acting within the scope and course of his employment with Defendant XPO Logistics Freight, Inc.

59.    At all times material hereto, James Hogue was an agent of Defendant XPO Logistics Freight, Inc.

60.    At all times material hereto, James Hogue was acting within the scope and course of his agency with Defendant XPO Logistics Freight, Inc.

61.    At all times material hereto, James Hogue was authorized by Defendant XPO Logistics Freight, Inc. to operate the tractor-trailer that was involved in the collision described in this Complaint.

62.    Defendant XPO Logistics Freight, Inc. is liable for the negligent actions and omissions of James Hogue pursuant to the doctrine of *respondeat superior*.

63.    Defendant XPO Logistics Freight, Inc. was the owner of the tractor-trailer operated by James Hogue and is therefore liable for damages caused in this case.

64.    Defendant XPO Logistics Freight, Inc. was also itself negligent in the following ways:

   a.  Negligently hiring or contracting with Defendant James Hogue to drive the tractor-trailer at issue;

   b.  Negligently training James Hogue;

   c.  Negligently entrusting James Hogue to drive the tractor-trailer professionally;

   d.  Negligently retaining James Hogue to drive the tractor-trailer at issue;

   e.  Negligently qualifying James Hogue;

   f.  Failing to supervise James Hogue; and

   g.  Otherwise failing to act as a reasonably prudent company under the circumstances.

65.    As a direct and proximate result of the negligence of Defendants James Hogue and XPO Logistics Freight, Inc. in the ensuing collision, Plaintiff sustained severe and permanent injuries and damages.

66.     Defendants XPO Logistics Freight, Inc. and James Hogue are liable for all damages allowed by law for the injuries, damages, and losses sustained by Plaintiff.

### COUNT III: COMBINED AND CONCURRING LIABILITY FOR COMPENSATORY DAMAGES

67.     Plaintiff re-alleges and incorporate the preceding paragraphs as if fully set forth herein.

68.     Defendant XPO Logistics Freight, Inc. and/or its driver, James Hogue, acted in a manner which either alone, and/or combined and concurring with the actions of the other such Defendants acts of negligence described herein, directly and proximately caused the collision and Plaintiff's injuries, losses and damages.

69.     As a direct and proximate result of the negligence of Defendant XPO Logistics Freight, Inc. and its driver, James Hogue, Plaintiff was physically injured and has suffered, and will continue to suffer pain, disability, loss of enjoyment of life, anxiety, and related damages.

70.     As a direct and proximate result of the breaches of duty by Defendant XPO Logistics Freight, Inc. and its driver, James Hogue, Plaintiff is entitled to recover fair and full compensation for all injuries and damages that have been suffered as a proximate result of the collision and that will be suffered in the future as a result of the collision, including, without limitation, all special damages and compensatory damages, medical expenses, property damage of loss of use, lost wages and loss of earning capacity, and other necessary expenses, as well as fair and full compensation for all pain and suffering, including physical pain, disfigurement, mental and emotional suffering, shock of impact, disability, worry, anxiety, loss of enjoyment of life, loss of capacity to work, and other categories of damages provided for under the law.

From: Erica Lisenbe    Fax: 19723543452    To:    Fax: (859) 264-4060    Page: 12 of 14    05/17/2022 11:50 AM

71.    To the extent that a jury awards Plaintiff compensatory damages in this case, Defendant Safeco Insurance Company of America is liable to pay Plaintiff such jury award at least up to the limits provided by its automobile liability policy of insurance in effect at the time of the collision.

### COUNT IV: LIABILITY OF DEFENDANT SAFECO INSURANCE COMPANY OF AMERICA

72.    Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

73.    At the time of the collision described in this Complaint, Defendant Safeco Insurance Company of America provided primary, motor vehicle liability coverage to Defendant XPO Logistics Freight, Inc.

74.    At the time of the collision described in this Complaint, Defendant Safeco Insurance Company of America provided primary, motor vehicle liability coverage to Defendant XPO Logistics Freight, Inc. and to its driver, James Hogue.

75.    At the time of the collision described in this Complaint, in the event of a motor vehicle collision involving Defendant XPO Logistics Freight, Inc.'s tractor-trailer that was involved in the subject collision, Defendant Safeco Insurance Company of America provided primary, motor vehicle liability coverage to Defendant and to its driver, Defendant James Hogue.

76.    Defendant Safeco Insurance Company of America provided primary liability coverage to Defendant XPO Logistics Freight, Inc. in the event of a motor vehicle collision involving Defendant's tractor-trailer that was involved in the subject collision, as well as to Defendant XPO Logistics Freight, Inc.'s employees and/or agents, including Defendant James Hogue.

5/17/2022 12:00:00 AM    302063386690004    5220220517014115

From: Erica Lisenbe          Fax: 19723543452          To:          Fax: (859) 264-4060          Page: 13 of 14          05/17/2022 11:50 AM

77.     Plaintiff is a third-party beneficiary under said contract or policy of liability insurance.

78.     Plaintiff is entitled to receive payments from Defendant Safeco Insurance Company of America for the tort liability of Defendant XPO Logistics Freight, Inc. and its driver, James Hogue, in this civil action.

### COUNT V: PUNITIVE DAMAGES

79.     Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

80.     Defendant XPO Logistics Freight, Inc. and its driver, James Hogue, acts were knowing, willful, wanton, and/or demonstrated that entire want of care, which raises the presumption of a conscious indifference to consequences.

81.     The actions of Defendant XPO Logistics Freight, Inc. and its driver, James Hogue, as set forth herein, were done intentionally, knowingly and willfully with a reckless and wanton disregard to the consequences and damages that would be caused to others and/or which would raise the presumption of conscious indifference to consequences of their misconduct.

82.     Accordingly, Defendant XPO Logistics Freight, Inc. and its driver, James Hogue, are liable to the Plaintiff for punitive damages to punish, penalize, and deter others from similar conduct in the future.

**WHEREFORE,** Plaintiff prays that the following relief be granted:

a)     A trial by jury;

b)     For Summons and Complaint to issue against each Defendant;

c)     For judgment against each Defendant to compensate Plaintiff for past and future injuries, losses and damages;

COMPLAINT FOR DAMAGES – Page 12

d)   For judgment against each Defendant for attorneys' fees and expenses of litigation;

e)   For judgment against each Defendant and its driver for punitive damages as shown to be fair and appropriate at the trial of this case;

f)   Court costs, discretionary costs, and prejudgment interest; and

g)   For all such further and general relief which this Court deems just and proper.

Dated this ___ day of May, 2022.

Respectfully submitted,

WLG ATLANTA, LLC

/s/ Rob Loar
ROB LOAR
GEORGIA STATE BAR NUMBER 602484
ATTORNEY FOR PLAINTIFF

BANK OF AMERICA PLAZA
600 PEACHTREE STREET, NE, SUITE 4010
ATLANTA, GA 30308
TELEPHONE:   470-881-8804
FACSIMILE:   470-575-2792
E-MAIL:   ROB.LOAR@WITHERITELAW.COM

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-02660-S4**
**5/12/2022 12:18 PM**
**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| DORENDA HALL; | § | CIVIL ACTION |
| | § | |
| Plaintiff, | § | 22-C-02660-S4 |
| | § | |
| VS. | § | FILE NO. _____ |
| | § | |
| JAMES HOGUE; XPO LOGISTICS | § | **JURY TRIAL DEMANDED** |
| FREIGHT, INC.; AND SAFECO | § | |
| INSURANCE COMPANY OF AMERICA; | § | |
| | § | |
| Defendants. | § | |

### PLAINTIFF DORENDA HALL'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND FIRST REQUEST FOR ADMISSIONS TO DEFENDANT SAFECO <u>INSURANCE COMPANY OF AMERICA</u>

COMES NOW PLAINTIFF Dorenda Hall in the above-captioned lawsuit and pursuant to O.C.G.A. §§ 9-11-34 and 9-11-36 hereby propounds the following First Requests for Admissions and First Request for Production to Defendant Safeco Insurance Company of America pursuant to the Georgia Civil Practice Act, and as required by law.

### <u>DEFINITIONS</u>

As used herein, the terms listed below are defined as follows:

1.  The term "**<u>Document</u>**" as used herein shall be given a very broad definition to include every type of paper, writing, data, record, graphic, drawing, photograph, audio recording and video recording.  The term includes material in all forms, including printed, written, recorded, or other.  The term includes all files, records and data contained in any computer system, computer component and/or computer storage (e.g., hard drive, disc, magnetic tape, backup system, etc.).  This term includes, but is not

limited to, correspondence, reports, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, e-mail attachments, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, hard drive recordings, pictures, and voice recordings.  Plaintiffs expressly intend for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2.  "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

3.  (a)    "**Identify**" with respect to any "**person**" or any reference to stating the "**identity**" of any "**person**" means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

(b)    "**Identify**" with respect to any "**document**" or any reference to stating the "**identification**" of any "**document**" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation

**PLAINTIFF DORENDA HALL'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND FIRST REQUEST FOR ADMISSIONS TO DEFENDANT SAFECO INSURANCE COMPANY OF AMERICA – Page 2**

of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

4.   "**Similar**" shall have the meaning given in the American Heritage Dictionary, which is "showing some resemblance; related in appearance or nature; alike but not identical." As used here, the word "similar" shall not be limited as if modified by the word "substantially" and shall not mean "the same". If you limit the information provided because you use another interpretation of the word "similar," please state the interpretation you are using and reveal the nature of the information withheld.

5.   The terms "**and**" as well "**or**" shall be each construed conjunctively and disjunctively as necessary to bring within the scope of each interrogatory and request for documents all information and documents that might otherwise be construed to be outside its scope. The term "**and/or**" shall be construed likewise.

6.   Whenever necessary to bring within the scope of an interrogatory or request for production of documents any information or document that might otherwise be construed to be outside its scope: (i) the use of a verb in any tense shall be construed as the use of the verb in all other tenses; (ii) the use of the singular shall be construed as the use of the plural and vice versa; and (iii) "**any**" includes "all," and "**all**" includes "any."

7.   With regard to any term used herein that is deemed by the responding party as being ambiguous or vague, a term shall be construed in its broadest sense to

encompass all reasonable definitions of that term.

8. "**Subject Collision**" as used herein means the collision described in the Complaint.

9. "**Safeco Insurance Company of America**," **You**," "**Your**," or "**Yours**" as used herein refers to and means Defendant SAFECO INSURANCE COMPANY OF AMERICA.

10. "**James Hogue**" as used herein refers to and means the Defendant driver, James Hogue.

## <u>DOCUMENT REQUESTS</u>

**REQUEST NO. 1:**   Each liability insurance policy that provides or may provide coverage for damages claimed by Plaintiff in the Subject Collison described in his Complaint.

       a.     For each such policy, produce a compete Declaration Page;

       b.     For each such policy, produce the first application for insurance coverage;

       c.     For each such policy, produce each renewal of coverage application;

       d.     For each such policy, produce all First Reports of Claims involving motor vehicle collisions, where Defendant XPO Logistics Freight, Inc. or one of its drivers was alleged to have failed or actually did fail to slow and/or stop and collide with another vehicle.

**REQUEST NO. 2:**   For each liability insurance policy that you issued, which provides or may provide coverage for damages claimed by Plaintiff in the Subject

Collison described in his Complaint, please produce Safeco Insurance Company of America's First Report of Claim related to any property damages it incurred as a result of the Subject Collision.

**REQUEST NO. 3:**    For each liability insurance policy that you issued, which provides or may provide coverage for damages claimed by Plaintiff in the Subject Collison described in his Complaint, please produce Safeco Insurance Company of America's First Report of Claim related to any cargo damages it incurred as a result of the Subject Collision.

**REQUEST NO. 4:**   For each liability insurance policy that you issued, which provides or may provide coverage for damages claimed by Plaintiff in the Subject Collison described in his Complaint, please produce Safeco Insurance Company of America's First Report of Claim related to Plaintiff's injury and damage claims caused by the Subject Collision.

**REQUEST NO. 5:**   For each liability insurance policy that you issued, which provides or may provide coverage for damages claimed by Plaintiff in the Subject Collison described in his Complaint, please produce all documents, which purport to reserve to be reservation of rights letters and/or agreements regarding the extension liability insurance coverage for the Subject Collision and/or the payment of attorney's fees and litigation expenses related to the subject lawsuit.

**REQUEST NO. 6:**   All documents directly or indirectly provided to and received from Defendant XPO Logistics Freight, Inc. regarding driver histories, criminal histories, claims histories, driver training, defensive driving, driver qualification, and/or your insurability of Defendant XPO Logistics Freight, Inc. and/or any of its drivers.

**PLAINTIFF DORENDA HALL'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND FIRST REQUEST FOR ADMISSIONS TO DEFENDANT SAFECO INSURANCE COMPANY OF AMERICA – Page 5**

**REQUEST NO. 7:**   All driver training resources that Safeco Insurance Company of America provided or made available to Defendant XPO Logistics Freight, Inc., directly or indirectly and/or to its drivers, directly or indirectly.

**REQUEST NO. 8:**   All documents evidencing any repair estimates for damages to any vehicle or cargo involved in the Subject Collision.

**REQUEST NO. 9:**   All photographs taken of any vehicle or cargo involved in the Subject Collision.

**REQUEST NO. 10:**  All statements obtained from any individual concerning the Subject Collision and/or any damages resulting from the Subject Collision.

**REQUEST NO. 11:**  All documents that explain what caused the Subject Collision.

**REQUEST NO. 12:**  All photographs, video, computer simulations, and any other documents depicting:

      a.      Any vehicle involved in the Subject Collision;

      b.      Any person involved in the Subject Collision;

      c.      The scene of the Subject Collision; and/or

      d.      Any evidence (roadway markings or other) relevant to the Subject Collision.

**REQUEST NO. 13:**  All tapes and transcripts of conversations, interviews, statements, etc. of any witness, party, or any other entity whatsoever regarding any aspect of the Subject Collision, the damages resulting therefrom, or this lawsuit.

**REQUEST NO. 14:**  All documents and other materials which support any contention that the Subject Collision was the fault of anyone other than the Defendant

driver, James Hogue.

**REQUEST NO. 15:** All diagrams, graphs, illustrations, photographs, charts, pictures, models, blow-ups, or any other document or thing, including electronically created charts, animations, or data that you intend to utilize as an exhibit, demonstrative exhibit, or aid in the trial of this case not previously supplied.

**REQUEST NO. 16:** All documents and things that you contend evidence, prove, and/or support your claims on any issue of negligence or causation as to the Subject Collision, including, but not limited to, admissions of fault, engineering analysis, scientific tests, and official or unofficial reports.

## REQUEST FOR ADMISSIONS

**REQUEST NO. 1**   Safeco Insurance Company of America is a proper party to this lawsuit.

**REQUEST NO. 2**   Safeco Insurance Company of America was properly named in this case.

**REQUEST NO. 3**   Safeco Insurance Company of America was properly and sufficiently served with process in this civil action.

**REQUEST NO. 4**   Venue is proper in this Court as to Safeco Insurance Company of America.

**REQUEST NO. 5**   Jurisdiction is proper in this Court as to Safeco Insurance Company of America.

**REQUEST NO. 6**   Defendant XPO Logistics Freight, Inc., Inc is a domestic for-profit corporation with its principal place of business located in Michigan.

**PLAINTIFF DORENDA HALL'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND FIRST REQUEST FOR ADMISSIONS TO DEFENDANT SAFECO INSURANCE COMPANY OF AMERICA – Page 7**

**REQUEST NO. 7**    At all times material to this Complaint, the United States Department of Transportation's Federal Motor Carrier Safety Administration assigned Defendant XPO Logistics Freight, Inc. with USDOT No. 241829.

**REQUEST NO. 8**    At the time of the collision described in this Complaint, Defendant XPO Logistics Freight, Inc. was operating as an authorized for-hire, interstate motor carrier.

**REQUEST NO. 9**    At the time of the collision described in this Complaint, Defendant XPO Logistics Freight, Inc. had affixed signage and placard on the doors of the 18-wheeler identifying the vehicle as one that was being operated by USDOT No. 241829.

**REQUEST NO. 10**   At the time of the collision described in this Complaint, Defendant XPO Logistics Freight, Inc. was operating as an authorized for-hire, interstate motor carrier and continues to operate as an authorized for-hire, interstate motor carrier.

**REQUEST NO. 11**   Defendant XPO Logistics Freight, Inc. is engaged in business as an interstate motor carrier transporting general freight for compensation and does business in Georgia, including in Gwinnett County, Georgia.

**REQUEST NO. 12**   At the time of the Subject Complaint, Defendant XPO Logistics Freight, Inc. had automobile liability coverage for any damages that were caused through the negligent operation of the 18-wheeler that Defendant James Hogue was operating at the time of the subject collision.

**REQUEST NO. 13**   The liability coverage for the collision described in this Complaint is being provided to Defendant XPO Logistics Freight, Inc. through a policy of insurance issued by Safeco Insurance Company of America, which provides coverage to Defendants for any damages, including bodily injury, that were caused through the negligent

operation of the 18-wheeler that Defendant was operating at the time of the subject collision.

**REQUEST NO. 14**   Defendant Safeco Insurance Company of America is subject to the jurisdiction of this Court and Plaintiff's claims for compensation for the negligence of its Co-Defendant insured XPO Logistics Freight, Inc., pursuant to O.C.G.A. §§ 40-1-112 and/or 40–2–140 and Georgia law, because Safeco Insurance Company of America was the insurer providing liability coverage for the Defendant motor carrier at the time of the collision described in this Complaint.

**REQUEST NO. 15**   Safeco Insurance Company of America may be served with summons and complaint through its registered agent for service of process: Corporation Service Company, at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

**REQUEST NO. 16**   Defendant Safeco Insurance Company of America does business and maintains an agent in the state of Georgia.

**REQUEST NO. 17**   Venue in the above-styled civil action is proper as to Safeco Insurance Company of America in this County and Court, because Safeco Insurance Company of America maintains agents within Gwinnett County, Georgia.

**REQUEST NO. 18**   Defendant Safeco Insurance Company of America agrees that Defendant James Hogue's negligent operation of its 18-wheeler was the sole cause of the collision described herein.

**REQUEST NO. 19**   Defendant Safeco Insurance Company of America agrees that it should fairly compensate Plaintiff for all injuries and damages that were caused by the subject collision.

**REQUEST NO. 20**   At the time of the Subject Collision, Defendant XPO Logistics Freight, Inc. was the owner of the 18-wheeler involved in the Subject Collision.

**REQUEST NO. 21**   James Hogue was the driver of the 18-wheeler that collided with Plaintiff's vehicle.

**REQUEST NO. 22**   James Hogue failed to keep such proper lookout and attention to the roadway as a person of ordinary prudence would have kept under the same or similar circumstances.

**REQUEST NO. 23**   James Hogue failed to control his speed.

**REQUEST NO. 24**   James Hogue failed to drive at a reasonable and prudent speed under the conditions.

**REQUEST NO. 25**   James Hogue failed to keep an assured safe distance from Plaintiff's vehicle.

**REQUEST NO. 26**   James Hogue failed to maintain proper control of his tractor-trailer.

**REQUEST NO. 27**   James Hogue failed to timely apply the brakes of his 18-wheeler.

**REQUEST NO. 28**   James Hogue failed to keep a proper lookout for traffic.

**REQUEST NO. 29**   James Hogue failed to make reasonable and proper observations while driving.

**REQUEST NO. 30**   James Hogue failed to safely operate his 18-wheeler.

**REQUEST NO. 31**   James Hogue failed to obey traffic laws.

**REQUEST NO. 32**   James Hogue gave a recorded statement to his liability insurance carrier.

**REQUEST NO. 33**   James Hogue had a mobile cellular device present inside his vehicle at the time of the Subject Collision.

**REQUEST NO. 34** James Hogue had more than one (1) mobile cellular device was present inside his vehicle at the time of the Subject Collision.

**REQUEST NO. 35** James Hogue was using at least one mobile cellular device in his vehicle at the time of the Subject Collision.

**REQUEST NO. 36** James Hogue was using more than one (1) mobile cellular device inside his vehicle at the time of the Subject Collision.

**REQUEST NO. 37** James Hogue was using a mobile cellular device at the moment of impact with Plaintiff's vehicle.

**REQUEST NO. 38** James Hogue was using a mobile cellular device as he approached Plaintiff's vehicle.

**REQUEST NO. 39** While at the scene of the collision, James Hogue conversed with at least one person about what had happened before during and /or after the Subject Collision using a mobile cellular device.

**REQUEST NO. 40** While at the scene of the collision, James Hogue texted at least one person about what had happened before during and /or after the Subject Collision using a mobile cellular device.

**REQUEST NO. 41** While at the scene of the collision, James Hogue had a cellular mobile device or a camera that he could have used to take pictures of the scene of the Subject Collision, the vehicles involved and/or the persons involved.

**REQUEST NO. 42** While at the scene of the collision, James Hogue took at least one photograph of the scene of the Subject Collision, the vehicles involved and/or the persons involved using a mobile cellular device.

**REQUEST NO. 43**   While at the scene of the collision, James Hogue took video recording(s) using a mobile cellular device of the scene of the Subject Collision, the vehicles involved and/or the persons involved.

**REQUEST NO. 44**   While at the scene of the collision, James Hogue took audio recording(s) of the scene of the Subject Collision, the vehicles involved and/or the persons involved using a mobile cellular device.

**REQUEST NO. 45**   No act of Plaintiff caused or contributed to the cause of the Subject Collision.

**REQUEST NO. 46**   No failure to act by Plaintiff caused or contributed to the cause of Subject Collision.

**REQUEST NO. 47**   Plaintiff was an innocent victim in the Subject Collison.

**REQUEST NO. 48**   No act or failure to act on the part of any third party to this action caused or contributed to the cause of the Subject Collision.

**REQUEST NO. 49**   No visual obstructions existed leading up to the collision that would have prevented James Hogue from seeing Plaintiff's vehicle in the five-hundred (500) feet prior to the Subject Collision.

**REQUEST NO. 50**   No visual obstructions existed leading up to the collision that would have prevented James Hogue from seeing Plaintiff's vehicle in the seven-hundred-fifty (750) feet prior to the Subject Collision.

**REQUEST NO. 51**   No visual obstructions existed leading up to the rear-end collision that would have prevented James Hogue from seeing Plaintiff's vehicle in the one-thousand (1000) feet prior to the Subject Collision.

**REQUEST NO. 52**   James Hogue is solely responsible for causing the Subject

Collision.

Served upon Defendant with the Complaint.

Respectfully submitted,

WLG ATLANTA, LLC

/s/ Rob Loar
ROB LOAR
GEORGIA STATE BAR NUMBER 602484
*ATTORNEY FOR PLAINTIFFS*

BANK OF AMERICA PLAZA
600 PEACHTREE STREET, NE, SUITE 4010
ATLANTA, GA 30308
TELEPHONE:   470-881-8804
FACSIMILE:   470-575-2792
E-MAIL:       ROB.LOAR@WITHERITELAW.COM

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-02660-S4**
**5/12/2022 12:18 PM**
TIANA P. GARNER, CLERK

# IN THE STATE COURT OF GWINNETT COUNTY
# STATE OF GEORGIA

DORENDA HALL;                    §
                                 §              CIVIL ACTION
         Plaintiff,              §
                                 §           22-C-02660-S4
VS.                              §
                                 §        FILE NO. _____
JAMES HOGUE; XPO LOGISTICS       §
FREIGHT, INC.; AND SAFECO        §          **JURY TRIAL DEMANDED**
INSURANCE COMPANY OF AMERICA;    §
                                 §
         Defendants.             §

## PLAINTIFF DORENDA HALL'S FIRST COMBINED SET OF WRITTEN DISCOVERY TO DEFENDANT XPO LOGISTICS FREIGHT, INC. SERVED WITH THE COMPLAINT

COMES NOW PLAINTIFF Dorenda Hall in the above-captioned lawsuit and pursuant to O.C.G.A. §§ 9-11-33, 9-11-34 and 9-11-36 hereby propounds the following First Requests for Admissions, First Interrogatories and First Request for Production to Defendant XPO Logistics Freight, Inc. for response under oath to the subject interrogatories, pursuant to the Georgia Civil Practice Act, and as required by law.

## DEFINITIONS

As used herein, the terms listed below are defined as follows:

1. The term "**Document**" as used herein shall be given a very broad definition to include every type of paper, writing, data, record, graphic, drawing, photograph, audio recording and video recording.  The term includes material in all forms, including printed, written, recorded, or other.  The term includes all files, records and data contained in any computer system, computer component and/or computer storage (e.g., hard drive, disc, magnetic tape, backup system, etc.).  This term includes, but is not limited to, correspondence, reports, meeting minutes, memoranda, stenographic or

handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, e-mail attachments, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, hard drive recordings, pictures, and voice recordings.  Plaintiffs expressly intend for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2.   "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

3.   (a)     "**Identify**" with respect to any "**person**" or any reference to stating the "**identity**" of any "**person**" means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

(b)     "**Identify**" with respect to any "**document**" or any reference to stating the "**identification**" of any "**document**" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required

the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

4.   "**Similar**" shall have the meaning given in the American Heritage Dictionary, which is "showing some resemblance; related in appearance or nature; alike but not identical."  As used here, the word "similar" shall not be limited as if modified by the word "substantially" and shall not mean "the same".  If you limit the information provided because you use another interpretation of the word "similar," please state the interpretation you are using and reveal the nature of the information withheld.

5.   The terms "**and**" as well as "**or**" shall be each construed conjunctively and disjunctively as necessary to bring within the scope of each interrogatory and request for documents all information and documents that might otherwise be construed to be outside its scope.  The term "**and/or**" shall be construed likewise.

6.   Whenever necessary to bring within the scope of an interrogatory or request for production of documents any information or document that might otherwise be construed to be outside its scope:  (i) the use of a verb in any tense shall be construed as the use of the verb in all other tenses; (ii) the use of the singular shall be construed as the use of the plural and vice versa; and (iii) "**any**" includes "all," and "**all**" includes "any."

7.   With regard to any term used herein that is deemed by the responding party as being ambiguous or vague, a term shall be construed in its broadest sense to encompass all reasonable definitions of that term.

8. "**Subject Collision**" means the collision described in the Complaint.

9. "**XPO LOGISTICS FREIGHT, INC**.," "**You**", "**Your**," or "**Yours**" means Defendant XPO Logistics Feight, Inc.

10. "**JAMES HOGUE**" as used herein refers to and means Defendant Driver James Hogue.

## O.C.G.A. § 9-11-36 REQUESTS FOR ADMISSION

**REQUEST NO. 1**     At the time of the Subject Collision, James Hogue was an agent of XPO Logistics Freight, Inc.

**REQUEST NO. 2**     At the time of the Subject Collision, James Hogue was an employee of XPO Logistics Freight, Inc.

**REQUEST NO. 3**     At the time of the Subject Collision, James Hogue was acting within the course and scope of his employment or agency with XPO Logistics Freight, Inc.

**REQUEST NO. 4**     At the time of the Subject Collision, James Hogue was operating the 18-wheeler owned by XPO Logistics Freight, Inc.

**REQUEST NO. 5**     At the time of the Subject Collision, James Hogue was operating the 18-wheeler with the permission of XPO Logistics Freight, Inc.

**REQUEST NO. 6**     At the time of the Subject Collision, James Hogue was operating the 18-wheeler with the knowledge of XPO Logistics Freight, Inc.

**REQUEST NO. 7**     At the time of the Subject Collision, James Hogue was operating the 18-wheeler as trained by XPO Logistics Freight, Inc.

**REQUEST NO. 8**     XPO Logistics Freight, Inc.'s corporate name was properly stated in the Complaint.

**REQUEST NO. 9**     Venue is proper in this Court.

**REQUEST NO. 10**     Jurisdiction is proper in this Court.

**REQUEST NO. 11**     Service of process upon XPO Logistics Freight, Inc. in this civil action was proper.

**REQUEST NO. 12**     Service of process upon XPO Logistics Freight, Inc. in this civil action was legally sufficient.

**REQUEST NO. 13**      At the time of the collision described in this Complaint, James Hogue was responsible for the safe and reasonable operation of an 18-wheeler over the public roadways within and throughout the State of Georgia.

**REQUEST NO. 14**      At the time of the collision described in this Complaint, Defendant XPO Logistics Freight, Inc. owned the 18-wheeler that was being operated by Defendant James Hogue.

**REQUEST NO. 15**      At the time of the collision described in this Complaint, Defendant James Hogue was operating an 18-wheeler over the public roadways in Georgia.

**REQUEST NO. 16**      At all times material to this Complaint, XPO Logistics Freight, Inc. was registered with the United States Department of Transportation's Federal Motor Carrier Safety Administration as an interstate motor carrier.

**REQUEST NO. 17**      At all times material hereto, XPO Logistics Freight, Inc. was subject to the Federal Motor Carrier Safety Regulations and all subsequent amendments thereto, promulgated, approved, and adopted by the United States Department of Transportation contained in Title 49 of the Code of Federal Regulations.

**REQUEST NO. 18**      At the time of the collision described in this Complaint, James Hogue was operating an 18-wheeler in the furtherance of Defendant XPO Logistics Freight, Inc.'s business.

**REQUEST NO. 19**      At the time of the collision described in this Complaint, James Hogue was responsible for the safe and reasonable operation of an 18-wheeler over the public roadways within and throughout the State of Georgia.

**REQUEST NO. 20**    At the time of the collision described in this Complaint, Defendant James Hogue was acting within the course and scope of his employment with Defendant XPO Logistics Freight, Inc.

**REQUEST NO. 21**    At the time of the collision described in this Complaint, Defendant James Hogue was acting within the course and scope of his agency with Defendant XPO Logistics Freight, Inc.

**REQUEST NO. 22**    On October 13, 2020, at approximately 4:47 p.m., Plaintiff Dorenda Hall was operating her vehicle traveling northbound on Interstate 85 in lane 3.

**REQUEST NO. 23**    On October 13, 2020, at approximately 4:47 p.m., Defendant James Hogue was operating his tractor-trailer owned by Defendant XPO Logistics Freight, Inc., traveling northbound on Interstate 85 in lane 4.

**REQUEST NO. 24**    On October 13, 2020, at approximately 4:47 p.m., Defendant James Hogue changed lanes when unsafe and collided hard with the passenger side of Plaintiff's vehicle.

**REQUEST NO. 25**    Diagram No. 1 below is a not to scale diagram depicting the collision described in this Complaint.



Diagram No. 1

**REQUEST NO. 26**   The force of the collision caused Plaintiff to suffer injuries and damages.

**REQUEST NO. 27**   The collision caused Plaintiff to suffer injuries and damages.

**REQUEST NO. 28**   Defendant XPO Logistics Freight, Inc. conducted its own investigation into the cause of the subject collision.

**REQUEST NO. 29**   Defendant XPO Logistics Freight, Inc. concluded that Defendant James Hogue was the sole cause of the subject collision.

**REQUEST NO. 30**   Following the collision described in this Complaint, Defendant XPO Logistics Freight, Inc. disciplined Defendant James Hogue.

**REQUEST NO. 31**   Defendant XPO Logistics Freight, Inc. and/or its driver are 100% at fault for causing the subject collision.

**REQUEST NO. 32**   No act or failure to act on the part of the Plaintiff caused or contributed to the cause of the subject collision described in this Complaint.

**REQUEST NO. 33**   No act or failure to act on the part of any third party caused or contributed to the cause of the subject collision.

**REQUEST NO. 34**   No act or failure to act on the part of any third party caused or contributed to the cause of the subject collision.

**REQUEST NO. 35**   No act or failure to act on the part of Plaintiff caused or contributed to Plaintiff's claimed injuries or damages.

**REQUEST NO. 36**   No act or failure to act on the part of any third party caused or contributed to the cause of the subject collision.

**REQUEST NO. 37**   Plaintiff was an innocent victim in the subject collision described in his Complaint.

**REQUEST NO. 38**    Defendant XPO Logistics Freight, Inc. agrees that Defendants should fairly compensate Plaintiff for all injuries and damages that are shown to have been more likely than not caused by the subject collision.

**REQUEST NO. 39**    Defendant James Hogue agrees that Defendants should fairly compensate Plaintiff for all injuries and damages that are shown to have been more likely than not caused by the subject collision.

**REQUEST NO. 40**    Plaintiff did suffer injuries, damages, and losses as a result of the collision described in his Complaint.

## <u>O.C.G.A. § 9-11-33 INTERROGATORIES</u>

**INTERROGATORY NO. 1**    If you contend that Plaintiff has sued the wrong party or that your name is incorrectly stated in this lawsuit, please explain the basis for your contention and identify the correct legal entity for the correct party in interest to this suit.

**INTERROGATORY NO. 2**    For each liability insurance policy that you had in place at the time of the Subject Collision, state the name of insurer; the policy number; the limits of coverage; the name(s) of all insureds; and whether any insurer has offered a defense under a reservation of rights or otherwise contested coverage for the subject case. Please note that this interrogatory is requesting information relating to ALL insurance coverage including excess coverage.

**INTERROGATORY NO. 3**    Please provide the weight of the subject 18-wheeler at the time of the Subject Collision.

**INTERROGATORY NO. 4**    Explain the relationship between Defendant XPO Logistics Freight, Inc. and Defendant Driver James Hogue at the time of the Subject Collision including his employment status (e.g., leased driver, company driver, etc.), how he was

compensated for driving (e.g., by the hour, by the load, by the mile, salary, or other) and when the relationship began and ended.

**INTERROGATORY NO. 5**     If you maintain that Defendant Driver James Hogue was not acting within the course and scope of his employment or agency at the time of the Subject Collision, explain the basis for your contention and identify documents and witnesses that support your contention.

**INTERROGATORY NO. 6**     Identify and explain all communications of any kind between Defendant Driver James Hogue and anyone acting for or on behalf of Defendant XPO Logistics Freight, Inc. during the twenty-four (24) hours before and after the Subject Collision. For each communication, identify the method of communication (cell phone, QualComm, other), time of communication, persons involved, and the general subject.

**INTERROGATORY NO. 7**     Identify all Defendant XPO Logistics Freight, Inc.'s policies, procedures, rules, guidelines, directives, manuals, handbooks and instructions that were in effect for Defendant Driver James Hogue at the time of the Subject Collision, that dealt with or addressed defensive and/or safe driving practices and procedures.

**INTERROGATORY NO. 8**     Identify all Defendant XPO Logistics Freight, Inc.'s policies, procedures, rules, guidelines, directives, manuals, handbooks and instructions and training applicable to Defendant Driver James Hogue regarding safe and defensive driving practices and procedures.

**INTERROGATORY NO. 9**     Describe in detail when and how you first became aware that Defendant Driver James Hogue was involved in the Subject Collision including in your answer the identity of all persons involved in the investigation of the Subject Collision, their role and position and what information was conveyed.

**INTERROGATORY NO. 10**   State whether you maintain that Plaintiff or any non-party has any responsibility of any kind for causing the Subject Collision and/or the injuries and damages alleged in the Complaint and provide a detailed description of the basis for your position, including the identity of all person(s) who have any knowledge regarding this issue and/or all documents evidencing your position.

**INTERROGATORY NO. 11**   Identify all persons who to your knowledge were present at the scene of the Subject Collision at any time in the forty-eight (48) hours after the Subject Collision and explain their role, why they were at the scene and what actions they took.

**INTERROGATORY NO. 12**   Identify all person(s) who you to your knowledge have or may have any relevant information regarding: the Subject Collision; the facts leading up to the Subject Collision; the investigation of the Subject Collision; any party to this action; any vehicles involved in the Subject Collision; and/or any claims or defenses raised in this action.  The purpose of this Interrogatory is to identify all witnesses whom Defendant XPO Logistics Freight, Inc. believes may have relevant testimony of any kind in connection with this case.

**INTERROGATORY NO. 13**   Identify all photographs, motion pictures, maps, plats, drawings, diagrams, videotapes, or other tangible or documentary evidence depicting the scene of the Subject Collision and/or any person or vehicle involved in the Subject Collision.

**INTERROGATORY NO. 14**   Did Defendant XPO Logistics Freight, Inc. make any effort to perform any accident review, any avoidable/non-avoidable accident determination, any root cause analysis, any DOT reportability determination or any type of investigation or

analysis to discover the cause(s) or contributing cause(s) of the Subject Collision and/or to evaluate whether your driver should be disciplined for any action or inactions related to the Subject Collision? If so, please identify all person(s) involved, all documents and information reviewed, and all determinations.

**INTERROGATORY NO. 15**   Identify each person Defendant XPO Logistics Freight, Inc. expects to call as an expert witness at trial including in your response a summary of each opinion the expert holds in regards to this case, the factual basis for each such opinion, a list of all documents and evidence of any kind provided to the expert for review and a list of all documents and evidence of any kind that support each opinion.

**INTERROGATORY NO. 16**   Identify each person who was involved in responding to each of the Requests for Admission served upon you in this civil action.

**INTERROGATORY NO. 17**   Identify each person who provided information to the person verifying these interrogatory responses to be used or potentially used in answering the interrogatories.

**INTERROGATORY NO. 18**   For each of Plaintiff' First Request for Admissions to Defendant XPO Logistics Freight, Inc. that you did not admit without qualification, explain in detail the reason for your refusal to admit and identify all persons and documents that support your response.

## <u>O.C.G.A. § 9-11-34 DOCUMENT REQUESTS</u>

**REQUEST NO. 1:**   A copy of each document utilized by you in any way in responding to Plaintiff's First Interrogatories to Defendant XPO Logistics Freight, Inc.

**REQUEST NO. 2:**   A copy of each document retention policy in effect for XPO Logistics Freight, Inc. at any time between the time of the Subject Incident and present.

**REQUEST NO. 3:**   A copy of each insurance policy (and declarations page for each policy) that provides or may provide coverage for damages sustained in the Subject Incident.

**REQUEST NO. 4:**   Copies of all reservation of rights letters and/or agreements regarding insurance coverage for the Subject Incident.

<u>**DRIVER**</u>

**REQUEST NO. 5:**   All documents setting forth the relationship between James Hogue and XPO Logistics Freight, Inc. This includes, but is not limited to, all leases, employment contracts, and independent contractor agreements and other contracts, agreements, memorandum, and the like.

**REQUEST NO. 6:**   The contents of James Hogue's driver qualification file, driver investigation file, driver history file, and all documents that demonstrate compliance with federal and state driver qualification laws and regulations. The requested documents include, but are not limited to, all documents required by FMCSR, 49 CFR Part 391, and the state equivalent thereto. If any responsive documents have been removed from the driver qualification file, these should be produced nonetheless.

**REQUEST NO. 7:**   All documents of any kind that relate to any pre-employment background investigation of James Hogue, including without limitation any investigation of James Hogue's qualifications, character, driving history, training, criminal history, drug use, financial responsibility, medical conditions, health conditions, and/or any other matter relevant to employment with XPO Logistics Freight, Inc. This specifically includes all data and information obtained through FMCSA's Pre-Employment Screening Program.

**REQUEST NO. 8:**   All documents that relate in any way to your recruiting of James Hogue.

**REQUEST NO. 9:**   All documents that relate in any way to you hiring James Hogue.

**REQUEST NO. 10:** All documents that relate in any way to any orientation provided by XPO Logistics Freight, Inc. to James Hogue.

**REQUEST NO. 11:** All documents that relate in any way to training of James Hogue. This includes, but is not limited to, all documents that show all training received by James Hogue, when, where, and who provided the training, and all materials used for training.

**REQUEST NO. 12:** All quizzes, tests, and/or other assessments (questions and answers) ever given by or on behalf of XPO Logistics Freight, Inc. to James Hogue at any time. An answer key should also be provided.

**REQUEST NO. 13:** Copies of all documents (a) explaining how James Hogue was compensated for the one (1) month leading up to and including the date of the Subject Incident and extending one (1) week after the date of the Subject Incident; and (b) showing any detention of wages over the same time-period.

**REQUEST NO. 14:** A copy of the front and back of every driver's license issued to James Hogue (regardless of name used) in your possession, custody, and/or control.

**REQUEST NO. 15:** All documents placing you on notice of any violation by James Hogue of any law, ordinance, or regulation. This includes, but is not limited to, reports of violations pursuant to Section 391.27(a) of the Federal Motor Carrier Safety Regulations, as well as copies of citations, warnings, and inspection reports.

**REQUEST NO. 16:** All documents relating to any and all blood, urine, hair, or other type of drug or alcohol testing of James Hogue in your possession, custody, and/or control.

**REQUEST NO. 17:** A copy of all documents relating to any violation of any safety rule or principle by James Hogue at any time.

**REQUEST NO. 18:** All documents of any kind that relate to any action (formal or informal) by any supervisor or manager or anyone working by or on behalf of XPO Logistics Freight, Inc. directed to James Hogue for the purpose of teaching, counseling, disciplining, correcting, or otherwise managing James Hogue in any way relating to the safe operation of a commercial vehicle. This includes, but is not limited to, all disciplinary actions and the contents of all disciplinary folders or files of any kind by whatever name called.

**REQUEST NO. 19:** A copy of all documents in your possession relating in any way to any motor vehicle collision and/or accident of any kind in which James Hogue has been involved.

**REQUEST NO. 20:** Copies of all documents relating to any complaint, criticism, or concern raised by any person or entity regarding the driving performance and/or safety of James Hogue. This should include, but is not limited to, customer complaints and call-ins by motorists either to company directly or to any service (i.e., How's My Driving? Call 800…).

**REQUEST NO. 21:** For each communication device (e.g., cell phones, PDAs, smartphones, texting, and e-mailing devices, etc.) that was in the vehicle that James Hogue was operating at the time of the Subject Incident, produce all documents reflecting usage and billing for the time-period beginning forty-eight (48) hours before

the Subject Incident and ending forty-eight (48) hours after the Subject Incident. This includes all devices, whether owned by James Hogue or not, and whether it was in use at the time of the Subject Incident or not.

**REQUEST NO. 22:**  Copies of all documents prepared by James Hogue that describe the Subject Incident or the circumstances leading up to the Subject Incident.

**REQUEST NO. 23:**  All documents evidencing any evaluation of the driving abilities, safety, and/or performance of James Hogue that have not been produced in response to the preceding requests.

**REQUEST NO. 24:**  A complete copy of the contents of each and every file (whether maintained physically or electronically), regardless of what the file is called, regarding or addressing James Hogue in any way, that has not been produced in response to other requests above.

<u>**HOURS OF SERVICE-RELATED DOCUMENTS**</u>

**REQUEST NO. 25:**   A copy of all James Hogue's hours of service logs and any other driving logs and/or time sheets for the period beginning one-hundred-eighty (180) days before the Subject Incident and ending seven (7) days following the Subject Incident.

**REQUEST NO. 26:** In addition to the documents responsive to the preceding request, produce all documents in your possession, custody, or control that demonstrate what James Hogue was doing for the time-period beginning fourteen (14) days before the Subject Incident and ending two (2) days (2) following the Subject Incident. The requested documents include all documents that a motor carrier division officer might use to audit the logs of this driver, including, but not but are not limited to:

a.      All documents evidencing hours of service not produced above (e.g., daily logs and time sheets as well as log audits and letters regarding hours of service);

b.      All documents that could be used to check the accuracy of Hours of Service logs and/or time sheets;

c.      All documents related to trips (including driver's trip envelopes, trip reports, work reports, bills of lading, manifests, cargo documents of any kind, load documents of any kind, loading and unloading records of any kind, load detention records of any kind, freight bills, pick-up and delivery records of any kind, directions (e.g., routes to take), instructions (delivery notes, times, special handling), driver's trip check and settlement sheets, dispatch records, mileage reports, weight and scale records, and receipts for fuel, food, tolls, lodging, permits, repairs, and/or other purchases and expenses of any kind whether reimbursable or not, final trip accounting documents and printouts, as well as any and all reports and/or summaries of any kind referencing the above information);

d.      All documents evidencing any and all stops; and

e.      All driver call in reports and any other documentation of any communications between you and James Hogue.

**PLEASE NOTE – NOTHING IN THIS REQUEST SHOULD BE READ TO MEAN THAT PLAINTIFF IS NOT INTERESTED IN DEFENDANT MANTAINING ALL INFORMATION REGARDING ALL COMMERCIAL DRIVING ACTIVITIES FOR SIX MONTHS PRECEDING THE INCIDENT AT ISSUE AND SINCE THE INCIDENT AT ISSUE.  THESE MATERIALS SHOULD BE RETAINED IN THE EVENT THEY ARE REQUESTED.**

**REQUEST NO. 27:** A copy of all audits and summaries of James Hogue's hours of service covering the period beginning one (1) year prior to the Subject Incident and ending fourteen (14) days following the Subject Incident.

<u>VEHICLE INFORMATION</u>

**REQUEST NO. 28:** For the vehicle involved in the Subject Incident, produce the following documents:

      a.      Title;

      b.      Registration;

      c.      Operators manual;

      d.      Maintenance Schedules;

      e.      All documents evidencing maintenance performed on the vehicle at any time within six (6) months before the Subject Incident;

      f.      All documents evidencing any inspections of the vehicle during the six (6) months before the Subject Incident;

      g.      All documents evidencing any repairs and/or modifications to the vehicle at any time within six (6) months before the Subject Incident;

      h.      All documents evidencing any repairs made to the vehicle as a result of the Subject collision (including insurance submissions);

      i.      All leases involving the vehicle;

      j.      Documents evidencing the purchase of the vehicle;

      k.      Documents evidencing the sale of the vehicle if it has been sold;

      l.      Documents evidencing mileage and weight at time of the Subject Incident; and

m.     Copies of each and every logbook, ledger, file, or the like maintained for any reason regarding the vehicle.

**REQUEST NO. 29:** If any data is available (whether or not downloaded or retrieved) from the vehicle or any part or system from the vehicle (e.g., engine control module (ECM), event data recorder (EDR), Sensing Diagnostic Module (SDM), drive-train or transmission control unit, power steering unit, airbag module, ABS or other brake system, or any EOBR), please produce both the printout of the data and the data file in its original format. This request is intended to cover data for as long as it was recorded before during and after the Subject Incident.

**REQUEST NO. 30:** If the vehicle at issue was equipped with a lane departure warning system or collision warning system (e.g., VORAD), please produce the printout of the downloaded data and to the degree possible produce the data file in its original format.

**REQUEST NO. 31:** Produce copies of all e-mails between James Hogue and XPO Logistics Freight, Inc. for the time-period beginning ninety (90) days prior to the Subject Incident and present.

**REQUEST NO. 32:** Produce copies of all communications and transmissions between James Hogue and XPO Logistics Freight, Inc. that were transmitted through any system on-board of the vehicle involved in the Subject Incident for the period beginning thirty (30) days before the Subject Incident and ending seven (7) days after the Subject Incident. This includes any and all satellite or cellular systems, regardless of manufacturer, and includes, without limitation, all electronic on-board recorders (EOBRs) and system such as those made available by Qualcomm, TransCore, SkyBitz,

Fluensee, Fleetilla, Teletrac, Lat-Lon, Telogis, GeoLogic, Cheetah, Xata, PeopleNet, and other transportation service and product providers.

**REQUEST NO. 33:** If the vehicle was equipped with any on-board audio or video recording or monitoring devices and/or any other driver or driver safety monitoring system, please produce everything that was retrieved or could be retrieved from such devices and systems.

**REQUEST NO. 34:** To the degree that it has not been produced in response to other requests above, produce all data of any kind that was recovered from the vehicle or anything inside or connected to any part or system of the vehicle that was involved in the Subject Incident.

**REQUEST NO. 35:** A copy of each out of service report or violation concerning the vehicle involved in the Subject Incident from the period beginning one (1) year prior to the Subject Incident through present. This request includes any supplements, responses, amendments, and dispositions regarding any violation.

**REQUEST NO. 36:** Produce all documents evidencing damage to any vehicle or other property as a result of the Subject Incident, including, but not limited to, repair estimates, appraisals, purchase invoices, repair bills, and checks or drafts reflecting payment for repair or replacement, and any other documents concerning or establishing the value of any item of property before or after the Subject Incident.

**REQUEST NO. 37:** Produce all documents given to any person or entity, including any insurance company in return for payment in whole or in part for property damage, e.g., loan receipt(s), release(s), assignment(s), etc.

**REQUEST NO. 38:** For the vehicle involved in the Subject Incident, produce all the Driver Vehicle Inspection Reports (DVIR) from the period beginning six (6) months before the Subject Incident and ending one (1) week after the Subject Incident.

**REQUEST NO. 39:** Produce all pre-trip inspection reports for the trip in question and three (3) months prior to the date of the Subject Incident for the vehicle.

## LOAD

**REQUEST NO. 40:** All documents that relate to the load being hauled by James Hogue at the time of the Subject Incident, including, by way of example and without limitation, all manifests, bills of lading, weight receipts, dispatch documents, content summaries, and documents that address the contents, ownership, pick-up, detainment, and delivery of the load.

## SUBJECT INCIDENT

**REQUEST NO. 41:** A copy of every document related to any investigation done by or on behalf of XPO Logistics Freight, Inc. of the scene of the Subject Incident.

**REQUEST NO. 42:** All documents authored by anyone working for or on behalf of XPO Logistics Freight, Inc. that set forth any facts relating to the Subject Incident.

**REQUEST NO. 43:** All documents that explain what caused the Subject Incident.

**REQUEST NO. 44:** All documents assessing preventability of and/or fault for the Subject Incident.

**REQUEST NO. 45:** If the scene of the Subject Incident was mapped (with a total station or other survey equipment) within fourteen (14) days of the Subject Incident, please produce a copy of the survey data files and all diagrams produced therefrom.

**REQUEST NO. 46:** Copies of all photographs, video, computer simulations, and any other documents depicting:

a.      Any vehicle involved in the Subject Incident;

b.      Any person involved in the Subject Incident;

c.      The scene of the Subject Incident; and/or

d.      Any evidence (roadway markings or other) relevant to the Subject Incident.

**REQUEST NO. 47:** Copies of all reports (you know what this means and it is not vague) relating to the Subject Incident including those prepared by James Hogue and those prepared by anyone working for or on behalf of XPO Logistics Freight, Inc. (except lawyers).

**REQUEST NO. 48:** A copy of all correspondence and other communications (including e-mail) that you have had with any person other than your lawyer involving the Subject Incident.

**REQUEST NO. 49:** All tapes and transcripts of conversations, interviews, and/or statements of any person who purports to know any facts or circumstances relevant to the issues of liability, comparative fault, causation, and/or damages in this case.

**REQUEST NO. 50:** If an Accident Review Board or similar entity reviewed the Subject Incident, produce the following:

a.      A copy of all documents (as defined) and other materials of any kind reviewed by said board or entity;

b.      A copy of all reports and documents (as defined) of any kind generated by said board or entity;

c.      Documents evidencing who was on the board;

d.      Documents evidencing all criteria for review; and

e.      Determination of preventability and all other conclusions reached by said board or entity.

### GOVERNMENTAL CONTACT AND INTERVENTION

**REQUEST NO. 51:** Copies of all documents sent to or received from any governmental agency regarding the Subject Incident, the driver involved in the Subject Incident, or any subject that is part of the basis of this lawsuit.

**REQUEST NO. 52:** Copy of all documents and communications of any kind related to any CSA Intervention against your company in the past two (2) years.

### POLICY AND PROCEDURES

**REQUEST NO. 53:** Copies of all XPO Logistics Freight, Inc. policies, procedures, rules, guidelines, directives, manuals, handbooks, and instructions that were in effect at the time of the Subject Incident, relating to:

a.      Working for or with trucking company generally (e.g., employee manual or handbook);

b.      Operation of any motor vehicle (e.g., driving manuals or handbooks, and the like);

c.      Operation of a 18-wheeler;

d.      Driving safety;

e.      Defensive driving;

f.      Compliance with federal and state laws and regulations;

g.      Accident investigation;

h.      Accident review boards;

i.      Determination of preventability of accidents;

j.      Hiring, training, and supervising drivers; and

k.      Disciplinary actions.

**REQUEST NO. 54:** Copies of each document that James Hogue signed to prove that James Hogue received and/or agreed to be bound by any policies, procedures, rules, guidelines, and/or standards of XPO Logistics Freight, Inc.

**REQUEST NO. 55:** To the degree that XPO Logistics Freight, Inc. has any rules, policies, procedures, guidelines, driving manuals, employee handbooks, or manuals, or other similar documents that were not provided to James Hogue before the Subject Incident, please produce them now.

**REQUEST NO. 56:** A complete copy of, or in the alternative, access to, each driver safety training film, video, videotape, videocassette, audio cassette, computer program, simulator, driver diagnostic record, or test, maintained by your company, or used by XPO Logistics Freight, Inc., its personnel, agents, or employees during the year of the Subject Incident and three (3) years prior.

**REQUEST NO. 57:** Copies of all industry and/or other guidelines and/or practices that you rely upon to support your contentions in this case.

<u>**COMPANY**</u>

**REQUEST NO. 58:** Copy of documents showing the hierarchy of managerial positions at XPO Logistics Freight, Inc. and who occupied such positions as of the time of the Subject Incident and presently.

**REQUEST NO. 59:** A copy of each document (including articles and presentations) prepared and/or presented by any XPO Logistics Freight, Inc. representative relating to the safe operation of an 18-wheeler and/or the safe operation of a trucking company in the past five (5) years.

**REQUEST NO. 60:** All company newsletters distributed during the time-period beginning two (2) years before the Subject Incident and present.

**REQUEST NO. 61:** A copy of all lease and trip lease contracts applicable to James Hogue and/or any vehicle involved in the Subject Incident.

**REQUEST NO. 62:** Copies of any contract under which your company was operating the 18-wheeler in question at the time of the Subject Incident.

**REQUEST NO. 63:** A copy of XPO Logistics Freight, Inc.'s accident register maintained as required by 49 CFR § 390.35.

**REQUEST NO. 64:** Transcripts or recordings of all depositions of corporate designees for XPO Logistics Freight, Inc. given in the past five (5) years in cases where it was alleged that a driver working for XPO Logistics Freight, Inc. caused injury or death to another person.

**REQUEST NO. 65:** Copies of all documents putting any third party on notice of a claim arising from the Subject Incident.

**REQUEST NO. 66:** All correspondence and other communication of any kind between you and any other defendant to this Action.

<u>MISCELLANEOUS</u>

**REQUEST NO. 67:** With respect to each expert witness who may provide testimony at the trial of this case, provide:

a.      A copy of all documents (as that term is defined above) and items of any kind produced **to** said expert;

b.      A copy of all documents (as that term is defined above) and items of any kind generated or produced **by** said expert;

c.      A copy of the entire file of said expert;

d.      A current résumé or curriculum vitae for said expert; and

e.      All billing records and work logs for said expert.

**REQUEST NO. 68:** A copy of any and all documents and other materials which support any contention that the Subject Incident was the fault of anyone other than the Defendants.

**REQUEST NO. 69:** Copies of all diagrams, graphs, illustrations, photographs, charts, pictures, models, blow-ups, or any other document or thing, including electronically created charts, animations, or data that you intend to utilize as an exhibit, demonstrative exhibit, or aid in the trial of this case not previously supplied.

**REQUEST NO. 70:** Produce each document or thing that you contend is evidence, proof, or support of your claims on any issue of negligence or causation as to the Subject Incident, including, but not limited to, admissions of fault, engineering analysis, scientific tests, and official or unofficial reports.

**REQUEST NO. 71:** Produce each document or thing that you contend evidences or supports your denial of any of Plaintiffs' Requests for Admissions.

**REQUEST NO. 72:** If any surveillance has been undertaken by or on behalf of XPO Logistics Freight, Inc., produce a copy of all reports, photographs, video, and anything else generated through that investigation.

Served with the Complaint upon Defendant.

Respectfully submitted,

WLG ATLANTA, LLC

/s/ Rob Loar
ROB LOAR
GEORGIA STATE BAR NUMBER 602484
ATTORNEY FOR PLAINTIFFS

BANK OF AMERICA PLAZA
600 PEACHTREE STREET, NE, SUITE 4010
ATLANTA, GA 30308
TELEPHONE:   470-881-8804
FACSIMILE:   470-575-2792
E-MAIL:        ROB.LOAR@WITHERITELAW.COM

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-02660-S4**

**5/12/2022 12:18 PM**

TIANA P. GARNER, CLERK

### IN THE STATE COURT OF GWINNETT COUNTY
### STATE OF GEORGIA

DORENDA HALL; §
§
    Plaintiff, §
§
VS. §
§
JAMES HOGUE; XPO LOGISTICS §
FREIGHT, INC.; AND SAFECO §
INSURANCE COMPANY OF AMERICA; §
§
    Defendants. §

CIVIL ACTION

22-C-02660-S4

FILE NO. _____

**JURY TRIAL DEMANDED**

### PLAINTIFF'S FIRST INTERROGATORIES, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, AND FIRST REQUEST FOR <u>ADMISSIONS TO DEFENDANT JAMES HOGUE</u>

COMES NOW DORENDA HALL ("Plaintiff"), by and through her counsel

of record and pursuant to O.C.G.A. §§ 9-11-33, 9-11-34, and 9-11-36, hereby

propounds the following Interrogatories, Request for Production of Documents,

and Request for Admissions to Defendant James Hogue ("Hogue") for response

under oath pursuant to Rule 33, Rule 34, and Rule 36 of the Georgia Civil

Practice Act and as required by law.

### <u>DEFINITIONS</u>

As used herein, the terms listed below are defined as follows:

1. The term "<u>**Document**</u>" as used herein shall be given a very broad

definition to include every type of paper, writing, data, record, graphic, drawing,

photograph, audio recording and video recording.  The term includes material in

all forms, including printed, written, recorded, or other.  The term includes all

files, records and data contained in any computer system, computer component

and/or computer storage (e.g., hard drive, disc, magnetic tape, backup system,

etc.).  This term includes, but is not limited to, correspondence, reports, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, e-mail attachments, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, hard drive recordings, pictures, and voice recordings.  Plaintiff expressly intends for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2.  "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

3.  (a)  "**Identify**" with respect to any "**person**" or any reference to stating the "**identity**" of any "**person**" means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

(b)     "**Identify**" with respect to any "**document**" or any reference to stating the "**identification**" of any "**document**" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

4.   "**Similar**" shall have the meaning given in the American Heritage Dictionary, which is "showing some resemblance; related in appearance or nature; alike but not identical."  As used here, the word "similar" shall not be limited as if modified by the word "substantially" and shall not mean "the same". If you limit the information provided because you use another interpretation of the word "similar," please state the interpretation you are using and reveal the nature of the information withheld.

5.   The terms "**and**" as well as "**or**" shall be each construed conjunctively and disjunctively as necessary to bring within the scope of each interrogatory and request for documents all information and documents that might otherwise be construed to be outside its scope.  The term "**and/or**" shall be construed likewise.

6.   Whenever necessary to bring within the scope of an interrogatory or request for production of documents any information or document that might otherwise be construed to be outside its scope:  (i) the use of a verb in any tense shall be construed as the use of the verb in all other tenses; (ii) the use of the

singular shall be construed as the use of the plural and vice versa; and (iii) "**any**" includes "all," and "**all**" includes "any."

7.    With regard to any term used herein that is deemed by the responding party as being ambiguous or vague, a term shall be construed in its broadest sense to encompass all reasonable definitions of that term.

8.  "**Subject Collision**" means the collision described in the Complaint.

9.  "**You**", "**Your**", or "**HOGUE**" means Defendant JAMES HOGUE.

10. "**XPO Logistics Freight, Inc.**" means Defendant XPO LOGISTICS FREIGHT, INC.

## INTERROGATORIES

### YOUR BACKGROUND INFORMATION

1.

State your full name, date and place of birth, and social security number. If you have ever been known by any name(s) other than the one you identify, please state each such name and for each such name explain when you were known by that name, whether you had a separate social security number and/or driver's license in that name, and explain why you changed names or went by more than one name.

2.

For each driver's license you have had in the past seven (7) years, identify the state of issue, the date of issue, the number and whether or not it was a commercial driver's license.

3.

Identify each address where you have lived and worked in the past ten (10) years and provide the dates when you lived at each address and dates for each work address for the same period.

4.

For each place you have worked (as an employee, independent contractor, leased driver or otherwise) in the past fifteen (15) years, provide the following information: name of entity or person, for whom you worked; address; dates you worked there; job position; supervisor's name; and the reason you left.

5.

Identify each person James Hogue expects to call as an expert witness at trial including in your response a summary of each opinion the expert holds in regards to this case, the factual basis for each such opinion, a list of all documents and evidence of any kind provided to the expert for review and a list of all documents and evidence of any kind that support each opinion.

6.

If you have won any awards, been given special recognitions, and/or there are any accomplishments and/or achievements you are particularly proud of, please explain them and provide the date and location for them.

7.

Identify all motor vehicle collisions that you have been involved in during the past fifteen (15) years and for each collision, describe what happened; where

the collision occurred; the names of the other individuals involved; who was at fault; and whether there were any injuries.

8.

If you have been arrested, charged, warned and/or cited for any violation of any ordinance, law and/or regulation in the past ten (10) years or if you have ever been convicted at any time of a felony, for each arrest/charge/warning/citation/conviction, identify the charge, jurisdiction, date, and disposition. This includes all traffic violations, licensing violations, vehicle and/or driver inspection violations, and all violations of any criminal code and law.

9.

If you have ever been disqualified from driving a commercial motor vehicle, please describe when and under what circumstances you were disqualified.

10.

Have you had any medical condition in the past five (5) years that could affect your ability to operate a motor vehicle (including without limitation any condition affecting vision, hearing, high or low blood pressure, epilepsy, sleep issues, diabetes, nervous system issues, endocrine system issues, motor skill issues, issues with sensory abilities, sleep apnea, etc.)? If so, describe in detail each condition, who has treated you for the condition, and the nature and dates of these treatments.

11.

Have you ever been involved in any lawsuit other than the present one (excluding domestic cases)? If so, explain whether you were a plaintiff, defendant, or witness and identify the style, jurisdiction, date and nature of the lawsuit.

12.

Identify all training you have received in connection with operating a commercial motor vehicle, including courses taken to obtain your driver's license and training received since obtaining your driver's license.

13.

Explain the relationship between Defendant James Hogue and Defendant XPO Logistics Freight, Inc. at the time of the Subject Collision, including XPO Logistics Freight, Inc.'s corporate or business structure, Hogue's employment status (e.g., leased driver, company driver, etc.), Hogue's compensation for driving (e.g., by the hour, by the load, by the mile, salary, or other) and when the relationship began and ended.

INSURANCE

14.

For each liability insurance policy of any kind that does or may provide any coverage on behalf of any defendant (whether it is your policy or anyone else's policy) for damages/injuries alleged in this case and/or that is providing you a defense, provide: name of insurer; policy number; limits of coverage; the name(s)

of all insureds; and state whether any insurer has offered a defense under a reservation of rights or otherwise contested coverage for the subject case.

## SUBJECT COLLISION

### 15.

State whether you maintain that either Plaintiff or any non-party has any responsibility of any kind for causing the Subject Collison and/or the damages alleged in the Complaint and provide a detailed description of the basis for your position, including the identity of all person(s) who have any knowledge regarding this issue and/or all documents evidencing your position.

### 16.

Identify all persons who to your knowledge were present on behalf of XPO Logistics Freight, Inc.at the scene of the Subject Collision at any time in the forty-eight (48) hours after the Subject Collision and explain their role, why they were at the scene and what actions they took.

### 17.

Identify all person(s) who you to your knowledge have or may have any relevant information regarding: the Subject Collision; the facts leading up to the Subject Collision; the investigation of the Subject Collision; any party to this action; any vehicles involved in the Subject Collision; and/or any claims or defenses raised in this action. The purpose of this Interrogatory is to identify all witnesses whom you believe may have relevant testimony of any kind in connection with this case.

18.

Have you communicated with any person (other than your attorneys) in any way regarding the Subject Collision at any time including but not limited to giving any prepared statement or account of the events? If so, provide the details of any such communications, statements and accounts by explaining when, where, in what form, to whom the statement or account was given and the substance of your communication, statement, or account.

19.

Identify all photographs, motion pictures, maps, plats, drawings, diagrams, videotapes, or other tangible or documentary evidence depicting the scene of the Subject Collision and/or any person or vehicle involved in the Subject Collision.

### MISCELLANEOUS

20.

Provide your mobile phone carrier(s) and mobile phone number(s) existing at the time of the Subject Collision, and with respect to all of the phone calls you made on your cell phone on the date of the Subject Collision, please state: the time each call was placed; the time each call ended; the person or persons with whom you spoke on each call; the phone number of the person or persons with whom you spoke with on each call; the purpose for each call; and whether you were operating the tractor-trailer involved in the Subject Collision at any time during each call.

21.

With respect to the deliveries/trips that you were scheduled to make on the day of the Subject Collision, please identify: the name and address of the delivery/trip location(s); what was to be delivered; and the time the load was to be delivered or the trip was to be completed.

22.

Explain in detail where you were and what you were doing during the seventy-two (72) hours immediately prior to and the forty-eight (48) hours immediately following the Subject Collision. This response should include the time and location of each pick up, tow, delivery and stop and the reason for each stop (e.g., load, unload, fuel, rest, meal, inspection, repair, other) as well as what you were doing when off duty. Identify all documents that evidence your response and all people who can substantiate your response.

23.

For the seventy-two (72) hours leading up to the Subject Collision, provide the amount of your driving hours, on-duty non-driving hours, locations during your on-duty non-driving hours, all stops you made and the reasons therefor, when and where your meals were eaten, when and where you slept and when you ingested any medications (prescription or over the counter) and the dosages.

24.

If you consumed any alcoholic beverage, sedative, tranquilizer, stimulant, and/or other prescription and/or over-the-counter drug or medicine (whether legal or not) during the seventy-two (72) hour period underline immediately before the Subject

Collision, identify the substance consumed, the amount consumed, the time and place of consumption and the purpose for the consumption.

25.

For each of Plaintiff's First Request for Admissions to Defendant James Hogue that you did not admit without qualification, explain in detail the reason for your refusal to admit and identify all persons and documents that support your response.

## DOCUMENT REQUESTS

### GENERAL

**REQUEST NO. 1:**   All documents utilized by you in any way in responding to Plaintiff's First Interrogatories to Defendant James Hogue.

**REQUEST NO. 2:**   Each liability insurance policy (and declarations page for each policy) that provides or may provide coverage for damages sustained in the Subject Collision and/or if coverage was in dispute that was in place at the time of the Subject Collision.

**REQUEST NO. 3:**   The insurance policy that you had in place at the time of the Subject Collision.

**REQUEST NO. 4:**   All documents that you have exchanged with your insurance company evidencing your application for insurance.

**REQUEST NO. 5:**   All documents that you have exchanged with your insurance company evidencing a lack of coverage for the Subject Collision.

**REQUEST NO. 6:**   All reservation of rights letters and/or agreements regarding insurance coverage for the Subject Collision.

**REQUEST NO. 7:**   All documents directly or indirectly provided to and received from your insurance company regarding your driving history, criminal history, claims history, training, and qualification to drive and/or your insurability.

**REQUEST NO. 8:**   All driver training and/or defensive driving documents and training resources provided or made available to you directly or indirectly by your insurance company.

## Your Information

**REQUEST NO. 9:**   All documents setting forth the relationship between you and XPO Logistics Freight, Inc.. This includes, but is not limited to all leases, employment contracts, and independent contract agreements and other contracts, agreements, memorandum and the like.

**REQUEST NO. 10:**  All payroll records from any source during the sixty (60) days before and after the Subject Collision.

**REQUEST NO. 11:**  All documents in your possession that evidence your qualification to operate a commercial motor vehicle.

**REQUEST NO. 12:**  All documents in your possession that evidence work you have done for any trucking company in the past seven (7) years. This includes all documents you prepared for any trucking company, as well as all documents you ever received from any trucking company.

**REQUEST NO. 13:**  All medical certificates that would have been in effect at during the past seven (7) years.

**REQUEST NO. 14:**  All blood and/or urine test results in your possession for the past seven (7) years.

**REQUEST NO. 15:** All data and materials you have ever obtained through FMCSA's Pre-Employment Screening Program.

**REQUEST NO. 16:** All documents that relate in any way to Defendant XPO Logistics Freight, Inc.' recruitment of you.

**REQUEST NO. 17:** All documents that relate in any way to you being hired by Defendant XPO Logistics Freight, Inc..

**REQUEST NO. 18:** All documents that relate in any way to your orientation at Defendant XPO Logistics Freight, Inc.

**REQUEST NO. 19:** All documents that evidence your training to operate a commercial motor vehicle safely and/or using defensive driving skills or techniques.

**REQUEST NO. 20:** A copy of the front and back of every driver's license issued to you (regardless of name used) in your possession, custody, and/or control.

**REQUEST NO. 21:** All documents giving notification to Defendant XPO Logistics Freight, Inc. of any violation by you of any law, ordinance, or regulation.

**REQUEST NO. 22:** Copies of all citations, warnings, and other documents alleging that you violated any law, ordinance and/or regulation in the last five (5) years.

**REQUEST NO. 23:** All documents of any kind that relate to any action (formal or informal) by any supervisor or manager or anyone working by or on behalf of XPO Logistics Freight, Inc. directed to you for the purpose of teaching, counseling, disciplining, correcting, or otherwise managing you in any way

relating to the safe operation of a commercial vehicle.

**REQUEST NO. 24:** All documents relating in any way to any motor vehicle collision and/or accident of any kind in which you were involved in the past five (5) years.

**REQUEST NO. 25:** All documents relating to any complaint, criticism or concern raised by any person or entity regarding your driving performance and/or safety. This should include, but not be limited to, customer complaints and call-ins by motorists either to a company directly or to any service (i.e., How's My Driving?  Call 800…).

**REQUEST NO. 26:** For each communication device (e.g., cell phones, PDAs, smartphones, texting and e-mailing devices, etc.) that was in the truck that you were operating at the time of the Subject Collision, produce all documents reflecting usage and billing for the time period time period beginning twenty-four (24) hours before the Subject Collision and ending twenty-four (24) hours after the Subject Collision. This includes all devices, whether owned by you or not, and whether it was in use at the time of the Subject Collision or not.

**REQUEST NO. 27:** All DAC reports, DMV report, and/or any other report referring your employment and/or driving history in your possession.

**REQUEST NO. 28:** All personnel files and employment-related files in your possession.

**REQUEST NO. 29:** All medical treatment records related to injuries sustained by you in the Subject Collision.

**REQUEST NO. 30:** All correspondence and other communication of any

kind between you and any third party (other than your attorneys) evidencing to the Subject Collision.

**REQUEST NO. 31:**  All correspondence and other communication of any kind between you and other defendant in this case evidencing to the Subject Collision.

### HOURS OF SERVICE RELATED DOCUMENTS

**REQUEST NO. 32:** All hours of service logs and other time logs in your possession for the period beginning 7 days before the Subject Collision and ending seven (7) days following the Subject Collision.

**REQUEST NO. 33:** In addition to the documents responsive to the preceding Request, produce all documents showing where you were and what you were doing during the period beginning seven (7) days before the Subject Collision and ending two (2) days following the Subject Collision.

**REQUEST NO. 34:** All audits and summaries of your logs covering the period beginning one year prior to the Subject Collision and ending seven (7) days following the Subject Collision.

**REQUEST NO. 35:** For the period beginning during the twenty-four (24) hours immediately prior to and the twenty-four (24) hours immediately following the Subject Collision produce all of the following documents in your possession:

       1.    dispatch records;

       2.    fax transmissions;

       3.    mobile radio records;

       4.    pre-rate records;

5.      pick-up, tow, and delivery records;

6.      trip summaries;

7.      delivery manifests;

8.      credit card receipts;

9.      toll tickets;

10.     gate tickets;

11.     fuel receipts;

12.     weight tickets;

13.     fuel tax records;

14.     state entry and departure records;

15.     expense sheets;

16.     interchange records;

17.     bills of lading; and/or

18.     manifests and waybills.

## VEHICLE INFORMATION

**REQUEST NO. 36:** All out of service orders for the tractor-trailer involved in the Subject Collision.

**REQUEST NO. 37:** All documents given to any person or entity, including any insurance company in return for payment in whole or in part for property damage, loan receipt(s), release(s), assignment(s), etc. All out of service orders for the tractor and trailer involved in the Subject Collision.

**REQUEST NO. 38:** For the truck involved in the Subject Collision, produce all the Driver Vehicle Inspection Reports (DVIR) from the period

beginning six (6) months before the Subject Collision and ending one week after the Subject Collision

**REQUEST NO. 39:** For the truck involved in the Subject Collision, produce all the maintenance records from the period beginning six (6) months before the Subject Collision and ending one (1) week after the Subject Collision.

## LOAD

**REQUEST NO. 40:** All documents that relate, refer, and/or discuss in any way the load you hauled at the time of the Subject Collision, including, by way of example and without limitation, all manifests, bills of lading, weight receipts, dispatch documents, content summaries, and documents that address the contents, ownership, pick-up, detainment, sale/purchase, and/or delivery of the load.

## SUBJECT COLLISION

**REQUEST NO. 41:** All documents in your possession, custody, and/or control relating in any way to the Subject Collision.

**REQUEST NO. 42:** All documents sent by you to any person or entity (other than your attorneys), regarding the Subject Collision and/or describing the Subject Collision.

**REQUEST NO. 43:** All documents evidencing each investigation done by or on behalf of Cain evidencing to the Subject Collision of the Subject Collision.

**REQUEST NO. 44:** All documents that set forth any facts leading up to the Subject Collision.

**REQUEST NO. 45:** All documents that explain what caused the Subject

Collision.

**REQUEST NO. 46:** All documents assessing preventability of and/or fault for the Subject Collision, as well as any documents created by any accident review board or other accident review process.

**REQUEST NO. 47:** All photographs, video, computer simulations, and any other documents depicting:

1. Any vehicle involved in the Subject Collision;

2. Any person involved in the Subject Collision;

3. The scene of the Subject Collision; and/or

4. Any evidence (roadway markings or other) relevant to the Subject Collision.

**REQUEST NO. 48:** All reports relating to the Subject Collision in your possession, custody, and/or control.

**REQUEST NO. 49:** All correspondence and other communications (including e-mail) that you have had with any person other than your lawyers involving the Subject Collision.

**REQUEST NO. 50:** All tapes and transcripts of conversations, interviews, statements, etc. of any witness, party, or any other entity whatsoever regarding any aspect of the Subject Collision, the injuries or damages resulting therefrom, or this lawsuit.

### GOVERNMENTAL CONTACT AND INTERVENTION

**REQUEST NO. 51:** Copies of all documents sent to or received from any governmental agency regarding the Subject Collision and/or your operation of a

commercial motor vehicle within the past three (3) years.

**REQUEST NO. 52:** Copy of your Driver Profile maintained in the Motor

Carrier Management Information System (MCMIS).

## POLICIES AND PROCEDURES

**REQUEST NO. 53:** All handbooks and manuals provided to you by

Defendant XPO Logistics Freight, Inc. evidencing to the Subject Collision at any

time.

**REQUEST NO. 54:** All policies, procedures, rules, guidelines, directives,

and instructions ever given to you by Defendant XPO Logistics Freight, Inc.

evidencing to the Subject Collision.

## MISCELLANEOUS

**REQUEST NO. 55:** All documents and other materials, which support any

contention that the Subject Collision was the fault of anyone other than the

Defendants.

**REQUEST NO. 56:** All documents exchanged with any expert in this

case.

**REQUEST NO. 57:** All diagrams, graphs, illustrations, photographs,

charts, pictures, models, blow-ups, or any other document or thing, including

electronically created charts, animations, or data that you intend to utilize as an

exhibit, demonstrative exhibit, or aid in the trial of this case not previously

supplied.

**REQUEST NO. 58:** All documents and things that you contend evidence,

prove, and/or support your claims on any issue of negligence or causation as to

the Subject Collision, including, but not limited to, admissions of fault,

engineering analysis, scientific tests, and official or unofficial reports.

**REQUEST NO. 59:** If any surveillance of plaintiff has been undertaken by

or on behalf of you, produce a copy of all reports, photographs, video, and

anything else generated through any such surveillance or investigation.

## REQUEST FOR ADMISSIONS

COME NOW Plaintiff in the above-styled action and serve the following

Request for Admission upon the Defendant Driver, James Hogue, pursuant to

the Rule 36 of the Georgia Civil Practice Act for response under oath as provided

by law.

**REQUEST NO. 1**      James Hogue is a proper party to this lawsuit.

**REQUEST NO. 2**      James Hogue was properly named in this case.

**REQUEST NO. 3**      James Hogue was properly and sufficiently with process in

this civil action.

**REQUEST NO. 4**      Venue is proper in this Court as to you.

**REQUEST NO. 5**      Jurisdiction is proper in this Court as to you.

**REQUEST NO. 6**      James Hogue was an employee of XPO Logistics Freight,

Inc. at the time of the Subject Collision.

**REQUEST NO. 7**      James Hogue was an agent of XPO Logistics Freight, Inc. at

the time of the Subject Collision.

**REQUEST NO. 8**      James Hogue was acting within the scope of his

employment with XPO Logistics Freight, Inc. at the time of the Subject Collision.

**REQUEST NO. 9**     James Hogue was the driver of the tractor-trailer that struck Plaintiff's vehicle.

**REQUEST NO. 12**     James Hogue failed to maintain proper control of his tractor-trailer at the time of the Subject Collision.

**REQUEST NO. 13**     James Hogue failed to maintain his lane of travel.

**REQUEST NO. 14**     James Hogue failed to keep a proper lookout for traffic.

**REQUEST NO. 15**     James Hogue failed to make reasonable and proper observations while driving.

**REQUEST NO. 16**     James Hogue failed to timely apply the brakes of his vehicle in order to avoid the collision in question.

**REQUEST NO. 17**     James Hogue failed to keep an assured safe distance from Plaintiff's vehicle.

**REQUEST NO. 18**     James Hogue failed to drive at a reasonable and prudent speed under the conditions.

**REQUEST NO. 19**     James Hogue failed to obey traffic laws.

**REQUEST NO. 20**     James Hogue gave a recorded statement to your liability insurance carrier.

**REQUEST NO. 21**     James Hogue had a mobile cellular device present inside his vehicle at the time of the Subject Collision.

**REQUEST NO. 22**     James Hogue had more than one (1) mobile cellular device was present inside his truck at the time of the Subject Collision.

**REQUEST NO. 23**     James Hogue was using at least one mobile cellular device in his truck at the time of the Subject Collision.

**REQUEST NO. 24**    James Hogue was using more than one (1) mobile cellular device inside his truck at the time of the Subject Collision.

**REQUEST NO. 25**    James Hogue was using a mobile cellular device at the moment of impact with Plaintiff's vehicle.

**REQUEST NO. 26**    James Hogue was using a mobile cellular device as he approached Plaintiff's vehicle.

**REQUEST NO. 27**    While at the scene of the collision, James Hogue conversed with at least one person about what had happened before during and /or after the Subject Collision using a mobile cellular device.

**REQUEST NO. 28**    While at the scene of the collision, James Hogue texted at least one person about what had happened before during and /or after the Subject Collision using a mobile cellular device.

**REQUEST NO. 29**    While at the scene of the collision, James Hogue had a cellular mobile device or a camera that he could have used to take pictures of the scene of the Subject Collision, the vehicles involved and/or the persons involved.

**REQUEST NO. 30**    While at the scene of the collision, James Hogue took at least one photograph of the scene of the Subject Collision, the vehicles involved and/or the persons involved using a mobile cellular device.

**REQUEST NO. 31**    While at the scene of the collision, James Hogue took video recording(s) using a mobile cellular device of the scene of the Subject Collision, the vehicles involved and/or the persons involved.

**REQUEST NO. 32**     While at the scene of the collision, James Hogue took audio recording(s) of the scene of the Subject Collision, the vehicles involved and/or the persons involved using a mobile cellular device.

**REQUEST NO. 33**     No act of Plaintiff caused or contributed to the cause of the Subject Collision.

**REQUEST NO. 34**     No failure to act by Plaintiff caused or contributed to the cause of Subject Collision.

**REQUEST NO. 35**     No act or failure to act on the part of any third party to this action caused or contributed to the cause of the Subject Collision.

**REQUEST NO. 36**     James Hogue is solely responsible for causing the Subject Collision.

**REQUEST NO. 37**     James Hogue's negligent acts and/or omissions were a contributing cause of the Subject Collision.

**REQUEST NO. 38**     At the time of the Subject Collision, James Hogue was subject to the Federal Motor Carrier Safety Regulations.

**REQUEST NO. 39**     No visual obstructions existed leading up to the Subject Collision that would have prevented James Hogue from seeing Plaintiff's vehicle in the lane beside him.

**REQUEST NO. 40**     No visual obstructions existed leading up to the Subject Collision that would have prevented James Hogue from seeing Plaintiff's vehicle in the fifty (50) feet prior to the Subject Collision.

**REQUEST NO. 41**     No visual obstructions existed leading up to the Subject Collision would have prevented James Hogue from seeing Plaintiff's vehicle in the one-hundred (100) feet prior to the Subject Collision.

**REQUEST NO. 42**     No visual obstructions existed leading up to the Subject Collision that would have prevented James Hogue from seeing Plaintiff's vehicle in the two-hundred-fifty (250) feet prior to the Subject Collision.

**REQUEST NO. 43**     No visual obstructions existed leading up to the Subject Collision that would have prevented James Hogue from seeing Plaintiff's vehicle in the five hundred (500) feet prior to the Subject Collision.


Served upon all Defendants with the Complaint.


**WLG ATLANTA, LLC**

/s/ Rob Loar
**ROB LOAR**
GEORGIA STATE BAR NUMBER 602484
*ATTORNEY FOR PLAINTIFF*

Bank of America Plaza
600 Peachtree Street NE, Suite 4010
Atlanta, Georgia 30308
Telephone:   470-881-8804
Facsimile:   470-575-2792
E-MAIL:      ROB.LOAR@witheritelaw.com